IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KYLIE AMISON, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No.: 1:22-cv-00731 |
| | ) |
| RECTOR AND VISITOR OF GEORGE MASON UNIVERSITY, *et al.* | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM IN SUPPORT OF RECTOR AND VISITORS OF GEORGE MASON AND GEORGE MASON UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

On July 30, 2022, Plaintiff, Kylie Amison, filed a putative class action lawsuit against The Rectors and Visitors of George Mason University ("Mason")[1] and twenty-five unnamed individuals challenging the results of an academic integrity hearing in which Ms. Amison was found to have violated Mason's Honor Code.  Ms. Amison asserted three claims, a breach of contract claim and two claims under 42 U.S.C. § 1983 for violation of the Due Process Clause and conspiracy.  On October 10, 2022, Mason filed a motion to dismiss explaining that Ms. Amison are invalid as a matter of law because (1) Mason, a state entity, cannot be sued under §

---

[1] Pursuant to Virginia Code § 23.1-1500(A) George Mason University operates under the corporate name "The Rector & Visitors of George Mason University."  George Mason University is not a legal entity and must be dismissed from this case.

1983 and (2) as a state entity, Mason is immune under the Eleventh Amendment from state law contract claims brought in federal court.[2]

Rather than acknowledge that her claims against Mason are legally invalid and withdraw her complaint, Ms. Amison has instead doubled down and filed an Amended Complaint containing the exact same legally invalid claims against Mason. Nothing has changed in the black letter law identified in Mason's previous motion to dismiss. Ms. Amison, who is now represented by counsel, continuing to press this matter is frivolous and a waste of the Court's and Mason's time. The claims against Mason in the Amended Complaint must be dismissed with prejudice.[3]

## FACTUAL BACKGROUND

Mason is a public institution of higher education in the Commonwealth of Virginia and an instrumentality of the Commonwealth. Am. Compl. ¶¶ 7-8.

Ms. Amison is a student at Mason. Am. Compl. ¶ 16. In 2018, Ms. Amison admitted to violating Mason's Honor Code. *Id.* ¶¶ 26-27. In May 2020, Ms. Amison received a notice that she was being charged with another violation of the Mason's Honor Code based on alleged cheating in a computer science course. *Id.* ¶ 22. Per Mason's Honor Code procedures, a hearing

---

[2] As noted in Mason's first motion to dismiss, there are also numerous problems with the substance of Ms. Amison's purported claims including that: (1) her own Complaint demonstrates that she received notice and a hearing in her academic integrity matter thus satisfying the Due Process Clause, *see* Am. Compl. ¶¶ 22-24, 30, (2) she has not pled any action by any individual that could give rise to a § 1983 claim, (3) she has identified no contract between her and Mason, and (4) her claim is based on the specific facts of her individual academic integrity matter making class certification impossible.

[3] The Amended Complaint also purports to name Socrates Dimitriadis, the faculty member who reported Ms. Amison for cheating, as a defendant. Ms. Amison has not served (or requested waiver of service) from Prof. Dimitriadis, so Ms. Amison's claims against him are not currently before the Court and are not addressed in this motion.

2

was held on June 29, 2020 for the Honor Committee to review the allegations against Ms. Amison, during which Ms. Amison had the opportunity to respond to the allegations and present witnesses.[4] *Id.* ¶ 30. Following the hearing, the Honor Committee found that Ms. Amison had violated the Honor Code. *Id.* ¶ 43.

## STANDARD OF REVIEW

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A complaint must be dismissed under Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state(s) a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

**I.     All Claims Against Mason Must Be Dismissed With Prejudice.**

Plaintiff alleges two claims against Mason under 42 U.S.C. § 1983 (Counts I and III) and a claim for breach of contract (Count II). All three counts must be dismissed as legally insufficient because Mason is not subject to suit under § 1983 and has Eleventh Amendment immunity in federal court from state law breach of contract claims.

**A. Mason is not "a person" under 42 U.S.C. § 1983 (Counts I and III).**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a "person" acting under the color of state law deprived them of a constitutional right or other right conferred

---

[4] Notably Ms. Amison's witness at the hearing, Keith Altman, is now serving as her counsel in this case.

to them. *See Sheppard v. Claiborne*, No. 3:21CV58, 2021 U.S. Dist. LEXIS 207211, at *6 (E.D. Va. Oct. 26, 2021); *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). For more than thirty years, it has been established law that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Court's holding in *Will* extended to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.

Mason is "state supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and is an "arm of the Commonwealth of Virginia." *See Adkins v. Rector & Visitors of George Mason Univ.*, No. 15cv879, 2015 U.S. Dist. LEXIS 128150, at *4 (E.D. Va. Sept. 23, 2015); *see also* Compl. ¶¶ 7-8. Mason is therefore not subject to suit under § 1983. *See, e.g., Abbas v. Woleben*, No. 3:13CV147, 2013 U.S. Dist. LEXIS 134446, at *9 (E.D. Va. Sep. 18, 2013). ("MCV is a part of Virginia Commonwealth University, a state government entity. Accordingly, since § 1983 is the remedy for constitutional violations by state actors and a state is not a person under § 1983, MCV cannot be sued under § 1983."); *Abatena v. NSU*, No. 2:13cv699, 2014 U.S. Dist. LEXIS 63249, at *30 (E.D. Va. May 6, 2014) (dismissing § 1983 claim against Norfolk State University because it "is a state government entity" and "a state is not a person under Section 1983"); *Bowers v. Rector & Visitors of the Univ. of Vir.*, No. 3:06cv00041, 2007 U.S. Dist. LEXIS 18623, at *11 (W.D. Va. Mar. 16, 2007) ("A mountain of case law supports the proposition that the University is not a person under § 1983."). Counts I and III must be dismissed with prejudice.

### B. The Contract Claim is Barred by the Eleventh Amendment.

Ms. Amison has also asserted a state law breach of contract claim against Mason. This claim must be dismissed because it "is well settled that the Eleventh Amendment bars a suit by

4

private parties to recover monetary damages from the state or its alter egos acting in their official capacities." *Huang v. Bd. of Govs. of Univ. of N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990). This bar includes contract claims. *See, e.g.*, *Amaram v. Va. State Univ.*, 476 F. Supp. 2d 535, 540-41 (E.D. Va. 2007); *Nofsinger v. VCU*, No. 3:12-CV-236, 2012 U.S. Dist. LEXIS 97857, at *37-8 (E.D. Va. July 13, 2012). As noted above, Mason is a "state-supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and an "arm of the Commonwealth of Virginia." *Adkins*, 2015 U.S. Dist. LEXIS 128150, at *4; *see also* Compl. ¶¶ 7-8. Eleventh Amendment immunity "applies to state agencies that may be properly characterized as 'arms of the State.'" *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996). Ms. Amison has not alleged, nor could she, that Mason has waived its Eleventh Amendment immunity. As such, the contract claim is barred in federal court by the Eleventh Amendment, and must be dismissed with prejudice.[5]

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Mason in the Amended Complaint with prejudice.

---

[5] Even if the Court could consider the breach of contract claim, the claim would still fail because courts have repeatedly rejected both of Ms. Amison's attempts to manufacture a contract claim: (1) no contract existed as a result of enrolling and paying tuition at Mason and (2) Mason's student conduct policies do not created a contract. *See Doe v. Wash. & Lee Univ.*, 439 F. Supp. 3d 784, 792-97 (W.D. Va. 2020); *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573, 587-89 (E.D. Va. 2018).

November 4, 2022     RESPECTFULLY SUBMITTED,

_____/s/_____

Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu

*Attorney for The Rector and Visitors of George Mason University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

                                                    /s/
                                        Eli S. Schlam, Asst. Atty. Gen.
                                        Virginia Bar Number 92987
                                        George Mason University
                                        4400 University Drive,
                                        MS 2A3
                                        Fairfax, VA 22030
                                        Phone: (703) 993-2619
                                        Fax: (703) 993-2340
                                        eschlam@gmu.edu