IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

KYLIE AMISON,

      *Plaintiff,*

Civil Action No.: 1:22-cv-00731

v.

RECTOR AND VISITOR OF GEORGE
MASON UNIVERSITY, *et al.,*

      *Defendant.*

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ 2

**INTRODUCTION** ................................................................................................................ 4

**STANDARD OF REVIEW** .................................................................................................. 4

**ARGUMENT** ........................................................................................................................ 5

    a. **Defendant is a Person under 42 U.S.C. § 1983** ............................................... 5

    b. **Defendant is Not Entitled to Immunity as to Injunctive Relief** .................. 5

    c. **Defendants Overbroad Theory** ....................................................................... 9

**CONCLUSION** .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Acorn Land, LLC v. Balt. County*, 402 Fed. Appx. 809, 816 (4th Cir. 2010) ............3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................3

*Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) .................................................................................................5

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) ........................3

*Bragg v. West Virginia Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001) ............................9

*City of Richmond v. Richmond Metropolitan Authority*, 210 Va. 645, 172 S.E. 2d 831, 832 (1970) ...........................................................................................................7

*City of Richmond v. Richond Met. Auth.*, 210 Va. 645, 646 (Va. 1970) ...................7

*Commonwealth v. Leone*, 286 Va. 147, 150 (2013) ...................................................8

*Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007) .............8

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ...........................4

*Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004) ...................................................................................................................5

*Hampton Roads Sanitation Dist. Comm'n v. Smith*, 193 Va. 371 (1952) .................7

*Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ..............................................................8


*Hauth v. Southeastern Tidewater Opportunity Project, Inc.*, 420 F. Supp. 171, 173-174 (E.D. Va. 1976)..................................................................................................8

*Heckenlaible v. Va. Reg'l Peninsula Jail Auth.*, No. 4:06-cv-25, 2006 U.S. Dist. LEXIS 79719 (E.D. Va. Nov. 1, 2006) ...............................................................8

*Lapides v. Bd. of Regents of Univ. Sys., of Ga.*, 535 U.S. 613, 618, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)................................................................................5

*Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012) ....4

*Niese v. City of Alexandria*, 264 Va. 230, 238 (2002)................................................7

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)....................3

*Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005).......................4

*Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) ..........................................9

**Statutes**

1 U.S.C. § 1 ................................................................................................................4

28 U.S.C. § 1331 .......................................................................................................6

28 U.S.C. § 1343(3) ..................................................................................................6

28 U.S.C. § 1367 .......................................................................................................6

42 U.S.C. § 1983........................................................................................................6

Va. Code. Ann. § 22.1-127 ........................................................................................8

## INTRODUCTION

Plaintiff Kylie Amison submits this Opposition to Defendant's Motion to Dismiss. Defendant's Motion to Dismiss should be denied in its entirety.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of a complaint must be "enough to raise a right to relief above the speculation level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the Plaintiff. *Id.*

A Rule 12(b)(6) motion "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter…to state a claim to relief that is plausible on its face." *Acorn Land, LLC v. Balt. County*, 402 Fed. Appx. 809, 816 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A motion to dismiss for failure to state a claim upon which relief can be granted may only be granted if "after accepting all well-pleaded

allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

## ARGUMENT

### I. 42 U.S.C. § 1983

#### a. Defendant is a Person under 42 U.S.C. § 1983

Defendant first seeks dismissal of Plaintiff's claims on the grounds that Defendant is not a "person" under 42 U.S.C. § 1983. The words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals. 1 U.S.C. § 1. Defendant George Mason is a "person" for purposes of the reading of the statute.

#### b. Defendant is Not Entitled to Immunity as to Injunctive Relief

Defendant's assertion that Plaintiff's claim brought under 42 U.S.C. § 1983 is barred by sovereign immunity and Eleventh Amendment immunity does not take into consideration the three exceptions to the Eleventh Amendment immunity. *Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012).

"Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of

5

constitutional authority." *Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). The second exception states that "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004). The third exception concerns a State's freedom "to waive its Eleventh Amendment immunity from suit in a federal court." *Lapides v. Bd. of Regents of Univ. Sys., of Ga.*, 535 U.S. 613, 618, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002).

Plaintiff's treatment by Defendant George Mason violated the University's own policies and procedures, in which Plaintiff had both a liberty and property interest. Defendants do not find fault with Plaintiff's claims so the Defendants actions, only their ability to bring suit. The Defendant is not immune from all claims by the Eleventh Amendment.

Sovereign immunity granted by the Eleventh Amendment does not extend to claims for injunctive relief. Plaintiff seeks injunctive relief through its Amended Complaint. While Plaintiff cannot seek compensatory damages on her §1983 claims, the claims for injunctive relief cannot be summarily dismissed. Defendant provides an overbroad interpretation of the parameters of sovereign immunity and Eleventh Amendment immunity.

Defendant states that qualified immune applies to Plaintiff's claims. The Civil Rights Act of 1871, 17 Stat. 13, provided what are now 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). The Judiciary Act of 1875, 18 Stat. 470, provided what now is 28 U.S.C. § 1331. Defendant's qualified immunity argument does not apply to injunctive and declaratory relief under § 1331 and *Ex parte Young*. Plaintiff is entitled to injunctive relief under the federal law. Plaintiff has laid out enough facts, taken in the light most favorable to Plaintiff, to provide for relief. Plaintiff's claims should be allowed to move forward to discovery and a trial date set.

## II.     George Mason's Breach of Contract

Defendant further claims that Plaintiff's breach of contract claim brought under state law is barred in federal court by the Eleventh Amendment. Federal courts have supplemental jurisdiction to hear state law claims as established by 28 U.S.C. § 1367. "The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Plaintiff has brought a sufficient claim for injunctive relief under 42 U.S.C. §1983 giving this Court supplemental jurisdiction over Plaintiff's breach of contract claim. Plaintiff's state law claims are not barred by Defendants purported Eleventh Amendment immunity as stated in Defendants' Motion to Dismiss.

The Virginia doctrine of sovereign immunity bars state law tort claims against the Commonwealth of Virginia without its consent. *Niese v. City of Alexandria*, 264 Va. 230, 238 (2002). The doctrine protects the Commonwealth of Virginia and immunizes nonconsenting counties and "municipal corporations." *City of Richmond v. Richond Met. Auth.*, 210 Va. 645, 646 (Va. 1970). To determine whether a specific entity is a "municipal corporation," courts apply a two-part test set forth by the Virginia Supreme Court in *Hampton Roads Sanitation Dist. Comm'n v. Smith*, 193 Va. 371 (1952).

The court must determine which attributes of a municipal corporation the entity possesses. The relevant attributes are featured in *Hampton Roads Sanitation Dist. Comm'n v. Smith*, 193 Va. 371 (1952). The attributes are as follows: (1) creation of a body corporate and politic and as a political subdivision of the Commonwealth; (2) creation to serve a public purpose; (3) power to have a common seal, to sue and be sued, to enter into contracts to acquire, hold, and dispose of its revenue, personal, and real property; (4) possession of the power of eminent domain; (5) power to borrow money and issue bonds which are tax exempt, with interest on such bonds enjoying the same status under tax laws as the interest on bonds of other political subdivisions of the state; and (6) management of the corporation vested in a board of directors or a commission. *City of Richmond v. Richmond Metropolitan Authority*, 210 Va. 645, 172 S.E. 2d 831, 832 (1970).

Virginia grants school boards the right to eminent domain. Va. Code. Ann. § 22.1-127. Defendant does not have eminent domain power, and Defendant does not qualify as a municipal corporation under the Virginia code. Both *Heckenlaible v. Va. Reg'l Peninsula Jail Auth.*, No. 4:06-cv-25, 2006 U.S. Dist. LEXIS 79719 (E.D. Va. Nov. 1, 2006) and *Hauth v. Southeastern Tidewater Opportunity Project, Inc.*, 420 F. Supp. 171, 173-174 (E.D. Va. 1976) hold that all six attributes are required for sovereign immunity. Here, Defendant cannot be deemed a municipal corporation for purposes of invoking sovereign immunity.

"Federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Commonwealth v. Leone*, 286 Va. 147, 150 (2013) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).

### c. Defendants Overbroad Theory

Defendant's claims of sovereign immunity are overbroad and do not explain to the court how sovereign immunity or Eleventh Amendment immunity applies to Defendant. Plaintiff's request for injunctive relief has been stated in the Amended Complaint. The individual actors who may have acted to harm Plaintiff Kylie

Amison will need to be ascertained during the discovery phase of litigation. For the court to dismiss Plaintiff's § 1983 claims and Plaintiff's breach of contract claim would deny Plaintiff the opportunity to gain more information about the role faculty members, staff members, and others employed by George Mason University played in depriving Plaintiff of her constitutional rights. However, Plaintiff has laid out enough substantive facts against Defendant George Mason to state a claim upon which relief should be granted.

Sovereign immunity "does not preclude private individuals from bringing suit against State officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law." *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citing *Bragg v. West Virginia Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001)). Plaintiff's causes of action do present any threat to state interests protected by sovereign immunity.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss the Amended Complaint should be denied, and this matter set for trial by jury. Should the Court deem insufficiencies in Plaintiff's Amended Complaint, Plaintiff respectfully asks the Court for leave to amend.

Date: November 18, 2022        Respectfully submitted,

10

        Keith Altman, Esq.
        Law Offices of Keith Altman
        33228 West 12 Mile Road, Suite 375
        Farmington Hills, Michigan 48334
        Telephone: (987) 987-8929
        keithaltman@kaltmanlaw.com
        A*ttorneys for Plainti*ff

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA

KYLIE AMISON,

    *Plaintiff,*

v.

    Civil Action No.: 1:22-cv-00731

RECTOR AND VISITOR OF GEORGE MASON UNIVERSITY, *et al.,*

    *Defendant.*

---

## CERTIFICATE OF SERVICE

I certify that on November 18, 2022, I served the foregoing document upon all CM/ECF registered parties herein by filing copies of same using the CM/ECF System.

    Respectfully Submitted,

    Keith Altman, Esq.