IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| KYLIE AMISON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:22-cv-00731 |
| | ) | |
| RECTOR AND VISITOR OF GEORGE MASON UNIVERSITY, *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |

**REPLY IN SUPPORT OF RECTOR AND VISITORS OF GEORGE MASON AND GEORGE MASON UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's opposition concedes that she cannot bring claims for monetary damages against The Rectors and Visitors of George Mason University or George Mason University ("Mason"). *See* Opp. at 6. As such all claims for damages against Mason must be dismissed with prejudice.

Plaintiff's opposition only argues, incorrectly, that she can bring claims for injunctive relief against Mason. Plaintiff's argument however is based on fundamental misunderstandings of the law and irrelevant non-sequiturs. As explained in Mason's opening brief and below, it is black letter law that Mason—a public institution of higher education in the Commonwealth of Virginia and an instrumentality of the Commonwealth— (1) is not subject to suit under 42 U.S.C. § 1983 and (2) has Eleventh Amendment immunity from breach of contract claims, and

(3) the "prospective injunction" exception to sovereign immunity relied on by Plaintiff is inapplicable here.[1]

### I. Plaintiff's § 1983 Claim Against Mason Must Be Dismissed With Prejudice.

As explained in Mason's opening brief it has been black letter Supreme Court law for more than thirty years, that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court's holding in *Will* extended to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. Plaintiff does not distinguish (let alone cite) *Will*. Nor could she since *Will* explicitly forecloses her § 1983 claim against Mason.[2]

Plaintiff's only argument for why Mason should be considered a person, notwithstanding *Will*, is to cite the general statement in 1 U.S.C. § 1 that "person" includes "corporations, companies, associations, firms, partnerships, societies, and jock stock companies, as well as individuals." But this definition only further establishes that Mason is not a "person" for purposes of § 1983 because Mason is not any of the types of entities listed in 1 U.S.C. § 1. Again, Mason is "state supported university that is entitled to the same sovereign immunity as

---

[1] Plaintiff's opposition incorrectly states that Mason "do[es] not find fault with Plaintiff's claims . . . only [her] ability to bring suit." Opp. at 6. Mason's opening brief identified a number of issues with the substance of Plaintiff's claims, see Mot. at n. 2, 5. However, it is unnecessary for the Court to consider the numerous substantive problems with Plaintiff's claims because she cannot bring these claims against Mason as a matter of law.

[2] *See, e.g., Abbas v. Woleben*, No. 3:13CV147, 2013 U.S. Dist. LEXIS 134446, at *9 (E.D. Va. Sep. 18, 2013). ("MCV is a part of Virginia Commonwealth University, a state government entity. Accordingly, since § 1983 is the remedy for constitutional violations by state actors and a state is not a person under § 1983, MCV cannot be sued under § 1983."); *Abatena v. NSU*, No. 2:13cv699, 2014 U.S. Dist. LEXIS 63249, at *30 (E.D. Va. May 6, 2014) (dismissing § 1983 claim against Norfolk State University because it "is a state government entity" and "a state is not a person under Section 1983"); *Bowers v. Rector & Visitors of the Univ. of Vir.*, No. 3:06cv00041, 2007 U.S. Dist. LEXIS 18623, at *11 (W.D. Va. Mar. 16, 2007) ("A mountain of case law supports the proposition that the University is not a person under § 1983.").

the Commonwealth of Virginia" and is an "arm of the Commonwealth of Virginia." *See Adkins v. Rector & Visitors of George Mason Univ.*, No. 15cv879, 2015 U.S. Dist. LEXIS 128150, at *4 (E.D. Va. Sept. 23, 2015). Regardless, *Will* held that a state is not a "person" under § 1983, and, therefore, the § 1983 claims against Mason (Counts I and II) must be dismissed with prejudice.

Plaintiff's Opposition also asserts that Mason does not have sovereign immunity or Eleventh Amendment immunity from claims for injunctive relief under § 1983. As an initial matter, this argument is a non-sequitur because the primary problem with Plaintiff's claim is not sovereign immunity, but that, per *Will*, § 1983 claims cannot be brought against Mason because it is not a "person" as required by the statute.[3] As courts have repeatedly held, *Will* bars § 1983 claims against states and state entities regardless of the type of relief sought. *See Morris v. UVA Police Dep't*, No. 96-0031-C, 1997 U.S. Dist. LEXIS 3362, at *5-6 (W.D. Va. Mar. 19, 1997) ("It is immaterial whether plaintiff is seeking injunctive or declaratory relief; the law is clear that a state cannot be sued under § 1983 unless it has waived its Eleventh Amendment immunity."); *Jenkins v. Washington*, 46 F. Supp. 3d 1110, 1115 (W.D. Wa. 2014) ("The relevant authority makes clear that a state is not a "person" for § 1983 purposes regardless of the nature of relief sought.") (collecting cases); *Gaby v. Bd. of Trs.*, 348 F.3d 62, 63 (2d Cir. 2003) (claim for prospective injunctive relief dismissed because state entity was not a "person" under § 1983). Plaintiff cannot circumvent *Will* by limiting her claims to injunctive relief.

Moreover, even if it were relevant here, Plaintiff's reliance on the "prospective injunction" exception (also referred to as the "*Ex parte Young*" doctrine) to Eleventh

---

[3] Plaintiff also argues that Mason is not entitled to "qualified immun[ity]" from injunctive relief. This argument is another non-sequitur because Mason never asserted that it has qualified immunity. Qualified immunity is a doctrine that applies to state officials sued under § 1983; it has no applicability to state entities. Mason, as a state entity, enjoys full sovereign and Eleventh Amendment immunity.

Amendment immunity is fundamentally incorrect because the exception only applies to "suits for prospective injunctive relief against ***state officials*** acting in violation of federal law." *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012) (emphasis added). Here, Plaintiff is attempting to sue ***the state itself***.[4] As the Supreme Court has explicitly stated the prospective injunction exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Lee-Thomas*, 666 F.3d at 249 (prospective injunction exception is "inapplicable" where the claims are not against state officials); *Va. Ass'n of Towing & Recovery Operators v. Virginia*, 78 Fed. Appx. 867, 867 (4th Cir. 2003) ("[T]he only defendant VATRO sued was the Commonwealth of Virginia, consequently *Ex parte Young* does not apply."); *White v. W. Va. DOT*, No. 1:17-CV-4617, 2018 U.S. Dist. LEXIS 131362, at *7 (S.D. W. Va. Aug. 6, 2018) (§ 1983 claim for injunctive relief barred because plaintiff "sued the West Virginia Department of Transportation, not an official").

Additionally, the exception is inapplicable here because Plaintiff is not seeking a "prospective injunction." Plaintiff is seeking redress for alleged past constitutional violations that occurred when her academic integrity matter was adjudicated and decided ***in 2020***. *See* Compl. ¶¶ 22, 30, 43. The Amended Complaint does not allege an ongoing or "future violation of federal law" as to Plaintiff nor does it seek "relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). The injunctive relief sought as to Plaintiff is "enjoining preliminary and permanently, investigation and hearing of Plaintiff."

---

[4] Plaintiff's Amended Complaint added Professor Dimitriadis as a named defendant, however this motion does not address the new claims against him because Plaintiff had not served Professor Dimtriadis when it was filed. This motion deals only with Plaintiff's claims against Mason. Plaintiff has now requested that Professor Dimitriadis waive service, which he has done. He will file a separate motion to dismiss the claims against him by the deadline for him to do so.

Compl. pg. 17. But the Complaint does not allege that there is currently an ongoing investigation or hearing as to Plaintiff, nor could it because Plaintiff's academic integrity matter concluded in 2020. The prospective injunction exception "does not apply when the alleged violation of federal law occurred entirely in the past." *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999); *see also Jemsek v. Rhyne*, 662 Fed. Appx. 206, 212 (4th Cir. 2016) (prospective injunction exception did not apply where "disciplinary actions were one-time events, and the alleged due process violations occurred entirely in the past"); *Stover v. Coll. of William & Mary in Va.*, No. 4:21cv150, 2022 U.S. Dist. LEXIS 190466, at *17 (E.D. Va. Oct. 18 2022); *Figuereo-Mejia v. Lokey*, No. 7:18-cv-286, 2019 U.S. Dist. LEXIS 168590, at *11 (W.D. Va. Sept. 30, 2019) (exception did not apply where the "alleged misconduct occurred entirely in the past and ended nearly two years before [Plaintiff] filed this lawsuit.") Therefore, to the extent Plaintiff is seeking an injunction, it would be a retroactive injunction making the "prospective injunction" exception to Eleventh Amendment immunity inapplicable.

In short, Plaintiff's claims (for damages or injunctive relief) against Mason under § 1983 must be dismissed because (1) Mason is not a "person" subject to suit under § 1983, and (2) even if Mason could be sued under § 1983, Plaintiff's claim for an injunction does not fall within the narrow exception for "prospective injunctions" to Mason's Eleventh Amendment immunity.

## II. Plaintiff's Breach of Contract Claims Against Mason Must Also Be Dismissed With Prejudice.

Plaintiff's arguments with respect to her breach of contract claim fare no better. As explained in Mason's opening brief, it "is well settled that the Eleventh Amendment bars a suit by private parties to recover monetary damages from the state or its alter egos acting in their official capacities." *Huang v. Bd. of Governors. of Univ. of N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990). This bar includes contract claims. *See, e.g., Amaram v. Va. State Univ.*, 476 F. Supp. 2d

5

535, 540-41 (E.D. Va. 2007); *Nofsinger v. Va. Commonwealth Univ.*, No. 3:12-CV-236, 2012 U.S. Dist. LEXIS 97857, at *37-8 (E.D. Va. July 13, 2012). Therefore any claim against Mason for breach of contract must be dismissed.

As with the § 1983 claims, Plaintiff cannot save her breach of contract claim against Mason based on the "prospective injunction" exception to Eleventh Amendment immunity. As explained above, this exception is inapplicable here because (1) Plaintiff is not suing a "state official," she is suing the state, and (2) Plaintiff is seeking an injunction to address past harms (here an alleged past breach of contract) not a "future violation of federal law." Moreover, the "prospective injunction" exception only applies to alleged violations of federal law, not state law breach of contract claims. *See Fleming v. Va. State Univ.*, No. 3:15cv268, 2016 U.S. Dist. LEXIS 28160, at *9 (E.D. Va. Mar. 4, 2016); *Thorpe v. Va. Dep't of Corr.*, No. 2:20CV00007, 2021 U.S. Dist. LEXIS 112284, at *8 (June 15, 2021); *Sarkissian v. W. Va. Univ. Bd. of Governors*, No. 1:05CV144, 2007 U.S. Dist. LEXIS 32881, at *36 (N.D.W. Va. May 3, 2007). Plaintiff's breach of contract claim, therefore, is barred by the Eleventh Amendment regardless of whether she is seeking monetary or injunctive relief.

Plaintiff's opposition also makes a number of irrelevant arguments regarding the breach of contract claim. Plaintiff asserts that the Court can assert supplemental jurisdiction over the breach of contract claim. *See* Opp. at 7. Whether or not the Court can assert supplemental jurisdiction is irrelevant as to whether the breach of contract claim is barred by Eleventh Amendment immunity. Moreover, even if the Eleventh Amendment did not bar the breach of contract claim, since the § 1983 claim against Mason must be dismissed, *see* Part I, there is no basis for the Court to assert supplemental jurisdiction over a state law contract claim. Plaintiff's opposition also engages in an extended discussion of Virginia law regarding when municipalities

are protected by sovereign immunity from tort liability. This argument is completely irrelevant because (1) Mason is not a municipality, it is a "state supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and is an "arm of the Commonwealth of Virginia," *see Adkins*, 2015 U.S. Dist. LEXIS 128150, at *4, and (2) Plaintiff has not asserted a tort claim, she has asserted a contract claim. It is entirely unclear why Plaintiff has included this argument in her opposition.

In short, the contract claim against Mason is barred by the Eleventh Amendment and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Mason in the Amended Complaint with prejudice.

November 23, 2022                                  RESPECTFULLY SUBMITTED,

                                                                        /s/
                                   
                                                   Eli S. Schlam, Asst. Atty. Gen.
                                                   Virginia Bar Number 92987
                                                   George Mason University
                                                   4400 University Drive,
                                                   MS 2A3
                                                   Fairfax, VA 22030
                                                   Phone: (703) 993-2619
                                                   Fax: (703) 993-2340
                                                   eschlam@gmu.edu

                                                   *Attorney for The Rector and Visitors of George Mason University*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 23rd day of November 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

              /s/
              Eli S. Schlam, Asst. Atty. Gen.
              Virginia Bar Number 92987
              George Mason University
              4400 University Drive,
              MS 2A3
              Fairfax, VA 22030
              Phone: (703) 993-2619
              Fax: (703) 993-2340
              eschlam@gmu.edu