IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KYLIE AMISON, | ) |
| | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) |
| v. | )   Civil Action No.: 1:22-cv-00731 |
| | ) |
| RECTOR AND VISITOR OF GEORGE | ) |
| MASON UNIVERSITY, *et al.* | ) |
| | ) |
| | ) |
| *Defendants*. | ) |

### ANSWER OF RECTOR AND VISITOR OF GEORGE MASON UNIVERSITY AND GEORGE MASON UNIVERSITY

Defendants, the Rector and Visitors of George Mason University and George Mason University[1] ("Mason"), by and through their counsel, submits this answer the Complaint. Any allegation not specifically addressed below is DENIED.[2]

1. Denied

2. Denied

3. Denied

---

[1] Pursuant to Virginia Code § 23.1-1500(A) George Mason University operates under the corporate name "The Rector & Visitors of George Mason University." George Mason University is not a legal entity and should be dismissed from this case.

[2] Mason objects to this Court exercising subject matter jurisdiction over the claims asserted against it as those claims are barred by sovereign and Eleventh Amendment immunity. By filing this Answer, Mason does not waive its sovereign or Eleventh Amendment immunity.

4. Denied

5. Defendants lack sufficient knowledge to admit or deny whether Ms. Amison is a resident of New Jersey.  Admitted that at the time the Amended Complaint was filed, Ms. Amison was a student at George Mason University.

6. This paragraph does not contain an allegation to which Defendants must admit or deny.  To the extent it does, denied.

7. Admitted

8. Denied

9. Admitted

10. This paragraph does not contain an allegation to which Defendants must admit or deny.  To the extent if does, denied.

11. Denied

12. Denied

13. Admitted

14. Denied

15. Admitted

16. Admitted as of the date of the Amended Complaint.

17. Denied

18. Denied

19. Denied

20. Denied

21. Denied

22. Admitted

23. Admitted

24. Admitted

25. Admitted

26. Admitted

27. Denied

28. Denied

29. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

30. Admitted

31. Denied

32. Denied

33. Denied

34. Denied

35. Denied

36. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

37. Denied

38. Denied

39. Denied

40. Admitted

41. Denied

42. Denied

43. Admitted

44. Admitted

45. Admitted

46. Defendants lack sufficient knowledge to admit or deny the allegation in the first sentence of this paragraph.  Denied as to remainder of paragraph.

47. Defendants lack sufficient knowledge to admit or deny the allegation in the first sentence of this paragraph.  Denied as to remainder of paragraph.

48. Denied

49. Denied

50. Denied

51. Admitted

52. Denied

53. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

54. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

55. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

56. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

57. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

58. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

59. Denied

60. Denied

61. Denied

62. Denied

63. This paragraph does not contain an allegation to which Defendants must admit or deny.  To the extent if does, denied.

64. Denied

65. Denied

66. Denied

67. Denied

68. Denied

69. Denied

70. Denied

71. Defendants lack sufficient knowledge to admit or deny the allegation in this paragraph.

72. This paragraph does not contain an allegation to which Defendants must admit or deny. To the extent if does, denied.

73. Defendant adopt by reference their response to each and every paragraph of this answer.

74. Denied

75. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

76. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

77. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

78. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

79. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

80. Denied

81. Denied

82. Defendant adopt by reference their response to each and every paragraph of this answer.

83. Denied

84. Denied

85. Denied

86. Denied

87. Denied

88. Denied

89. Defendant adopt by reference their response to each and every paragraph of this answer.

90. Denied

91. Denied

92. Denied

Mason DENIES that Plaintiff is entitled to any of the relief requested in the complaint.

Mason DENIES that this action can be certified as a class action.

Mason DENIES that Plaintiff is entitled to a trial by jury of the issues stated in this action.

## **DEFENSES**

Mason identifies the following non-exhaustive list of defenses it may assert. By listing a defense here, Mason does not concede that it bears the burden of proof as to any of these defenses. Plaintiff retains the burden of proof on all matters necessary to prove the claims asserted in the Complaint.

1. Plaintiff's claims against Mason are barred by sovereign immunity and Eleventh Amendment immunity.
2. The Court lacks subject matter jurisdiction over the claims made against Mason.
3. Plaintiff has failed to state a claim on which relief can be granted
4. As an arm of the Commonwealth of Virginia, Mason is not a "person" under 42 U.S.C. § 1983, and therefore cannot be sued under that statute.

5. Plaintiff lacks standing to bring claims for injunctive relief.

6. Mason complied with the due process clause of the Constitution.

7. Plaintiff's claims are barred by the statute of limitations or the doctrine of laches.

8. Plaintiff's claims are barred by the doctrine of unclean hands.

9. Plaintiff cannot seek or obtain declaratory or injunctive relief against Mason, a state entity.

10. The injunctive and declaratory relief sought by Plaintiff does not fall within the *Ex Parte Young* doctrine.

11. The putative class identified in the Amended Complaint cannot be certified pursuant to Fed. R. Civ. P. 23.

12. Plaintiff's claims are not typical of the putative class.

13. Plaintiff is not an adequate class representative.

14. Mason has not acted or refused to act on grounds that apply generally to the putative class.

15. Putative members of the class are not similarly situated and there are not common questions of law or fact that predominate over questions involving only individual members.

16. Mason denies that Plaintiff has suffered any cognizable injury or damages as a result of any actions or omissions on the part of Mason.

17. Mason denies Plaintiff is entitled to recovery any damages or other relief.

18. Plaintiff's damages claims are barred in whole or part by Plaintiff's failure to mitigate alleged damages, and to the extent that Plaintiff mitigated his alleged damages, Mason is entitled to a credit or set-off.

19. Plaintiff cannot recover punitive damages because she cannot prove that Mason acted

with malice or reckless indifference to the federally protected rights of Plaintiff.

20. Defendant reserves the right to assert all applicable defenses, to the extent such defenses may be supported by further investigation, discovery, or evidence presented at the trial of this matter.

WHEREFORE, having fully responded to the Complaint filed against it, Mason respectfully requests that this action be dismissed and it awarded costs and other such relief as the Court may deem just and appropriate.

December 19, 2022                             RESPECTFULLY SUBMITTED,

_____/s/_____

Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu

*Attorney for The Rector and Visitors of George Mason University and George Mason University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December 2022, I will electronically file theforegoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

                                                                               /s/

                                          Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987George Mason University 4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu