**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| KYLIE AMISON, | ) | |
| | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:22-cv-00731 |
| | ) | |
| RECTOR AND VISITOR OF GEORGE | ) | |
| MASON UNIVERSITY, *et al.*, | ) | |
| | ) | |
| | ) | |
| *Defendant*. | ) | |

**RECTOR AND VISITORS OF GEORGE MASON AND GEORGE MASON**
**UNIVERSITY'S RULE 59 AND 60 MOTION TO RECONSIDER, OR, IN THE**
**ALTERANTIVE, MOTION TO DISMISS UNDER RULE 12(b)(1)**

Defendants, The Rector and Visitors of George Mason University and George Mason University (collectively "Mason"), by and through counsel, moves pursuant to Fed. R. Civ. P. 59 and 60 for reconsideration of the Court's December 5, 2022 Order denying Mason's motion to dismiss. Alternatively, Mason moves to dismiss the claims against Mason under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The grounds for the motion are as follows:

1. On November 4, 2022, Mason filed a motion to dismiss the claims against it under Rule 12(b)(6) on the grounds that Mason is a "state supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and is an "arm of the Commonwealth of Virginia," *Adkins v. Rector & Visitors of George*

*Mason Univ.*, No. 15cv879, 2015 U.S. Dist. LEXIS 128150, at *4 (E.D. Va. Sept. 23, 2015), and that as a result of Mason's Eleventh Amendment immunity the claims against Mason should be dismissed.  On December 5, 2022, the Court issued an order denying Mason's Rule 12(b)(6) motion because "[i]t appear[ed] to the Court that Plaintiff's Amended Complaint states a claim upon which relief may be granted." Dkt. 19.

2.   The Court did not address whether Mason's Eleventh Amendment immunity prevents it from exercising subject matter jurisdiction over the claims against Mason.  Mason, respectfully, requests that the Court reconsider its motion to dismiss under Rule 12(b)(1) and (b)(6).  In the alternative, Mason requests that the Court consider this motion a renewed motion to dismiss pursuant to Rule 12(b)(1).

3.   "It is well established that the Eleventh Amendment bars suit in federal court by an individual citizen against a sovereign state of the Union."  *Roach v. West Va. Regional Jail & Corr. Fac. Auth.*, 74 F.3d 46, 48 (4th Cir. 1996).   As the Supreme Court has explained, the Eleventh Amendment "withdraw[s] [ ] jurisdiction" and "effectively confers an immunity from suit" for States and state entities.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  "In effect, the Eleventh Amendment limits the ability of a federal district court to exercise subject-matter jurisdiction over an action brought against a state or one of its entities."  *Roach*, 74, F.3d at 48.

4.   Mason is "state supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and is an "arm of the Commonwealth of Virginia."  *See Adkins v. Rector & Visitors of George Mason Univ.*, No. 15cv879,

2015 U.S. Dist. LEXIS 128150, at *4 (E.D. Va. Sept. 23, 2015).  This includes both the "Rectors and Visitors of George Mason University," which is the official corporate name of the university, and "George Mason University."  *See* Va. Code. § 23.1-1500; *see Adkins*, 2015 U.S. Dist. LEXIS 128150, at *4 (finding that the "Rectors and Visitors of George Mason University" is entitled to sovereign immunity under the Eleventh Amendment).  As such, the Eleventh Amendment prevents the Court from exercising subject matter jurisdiction over Plaintiff's claims against Mason, and it would be a clear error of law for the Court to do so.

5.  The Court lacks subject matter jurisdiction over the claims against Mason even if Plaintiff limits the relief she is seeking to injunctive relief.  The Supreme Court has explicitly stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" and that "this bar exists whether the relief sought is legal or equitable."  *Papasan v. Allain*, 478 U.S. 265, 276 (1986).  In *Puerto Rico Aqueduct*, the Supreme Court further held that "suits against the States and their agencies [ ] are barred regardless of the relief sought." 506 U.S. at 146 (emphasis added).   Likewise, the exception to Eleventh Amendment immunity for prospective injunctive relief against state officers under the *Ex parte Young* doctrine "has no application in suits against States and their agencies."  *Id.*

6.  Even if the *Ex parte Young* doctrine did apply here (and it does not), the Court would lack subject matter jurisdiction over Plaintiff's claim for an injunction because she lacks standing to seek injunctive relief.  Plaintiff cannot meet the irreparable injury requirement because she has not alleged "any real or immediate threat that [she] will be wronged again."  *L.A. v. Lyons*, 461 U.S. 95, 111 (1983).  To the contrary, any

3

potential future harm would be "merely speculative," which is insufficient to "make out [the] prerequisite for equitable relief." *Raub v. Campbell*, 785 F.3d 876, 886 (4th Cir. 2015).

The legal arguments outlined above are set forth at length in the accompanying Memorandum of Points and Authorities. This motion is based on the complaint filed in this action, this motion, the accompanying memorandum of points and authorities and exhibits thereto, any subsequently filed reply brief and any oral argument presented by Mason during the hearing for this motion.

December 21, 2022                            RESPECTFULLY SUBMITTED


\_\_\_\_\_/s/_____
Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu

*Attorney for The Rector and Visitors of George Mason University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

_____/s/_____

Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu