IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KYLIE AMISON, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )   Civil Action No.: 1:22-cv-00731 |
| | ) |
| RECTOR AND VISITOR OF GEORGE MASON UNIVERSITY, *et al.* | ) |
| | ) |
| *Defendants.* | ) |

**MEMORANDUM IN SUPPORT OF RECTOR AND VISITORS OF GEORGE MASON AND GEORGE MASON UNIVERSITY'S RULE 59 AND 60 MOTION TO RECONSIDER, OR, IN THE ALTERANTIVE, MOTION TO DISMISS UNDER RULE 12(b)(1)**

Plaintiff, Kylie Amison, filed a putative class action lawsuit against The Rectors and Visitors of George Mason University and George Mason University (collectively "Mason")[1] challenging the results of an academic integrity hearing in which Ms. Amison was found to have violated Mason's Honor Code.  Ms. Amison asserted three claims: one breach of contract claim and two claims under 42 U.S.C. § 1983 for violation of the Due Process Clause and conspiracy. On November 4, 2022, Mason filed a motion to dismiss the claims against it under Rule 12(b)(6) on the grounds that Mason is a "state supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and is an "arm of the Commonwealth of Virginia,"

---

[1] The Amended Complaint also names Socrates Dimitriadis, the faculty member who reported Ms. Amison for cheating, as a defendant.  This motion does not concern the claims against Professor Dimitriadis, which will be the subject of a motion to dismiss filed by him on January 13, 2023.

*Adkins v. Rector & Visitors of George Mason Univ.*, No. 15cv879, 2015 U.S. Dist. LEXIS 128150, at *4 (E.D. Va. Sept. 23, 2015), and that as a result of Mason's Eleventh Amendment immunity the claims against Mason should be dismissed.  *See* Dkt. 12.  On November 18, 2022, Ms. Amison filed an opposition conceding that she could not sue Mason for damages but asserting that her claims for injunctive relief could proceed.  *See* Dkt. 15 at 6.  On December 5, 2022, the Court issued an order denying Mason's Rule 12(b)(6) motion in its entirety because "[i]t appear[ed] to the Court that Plaintiff's Amended Complaint states a claim upon which relief may be granted."  Dkt. 19.  The Court did not provide an explanation for its ruling.

      The Court should reconsider its order.  Amison does not dispute that Mason is an arm of the Commonwealth of Virginia, and the law is clear that sovereign immunity bars suits against state entities under § 1983 and for breach of contract.  Amison contended that claims for injunctive relief could proceed under *Ex parte Young*, but that exception applies only to suits against state *officials*, not against state *entities* such as Mason, and in any event that exception is inapplicable.  Because Mason has sovereign immunity, this Court lacks jurisdiction over Amison's claims against Mason.

      As the Court's December 5, 2022 order did not address whether the Court can exercise subject matter jurisdiction over the claims against Mason, Mason, respectfully, requests that the Court reconsider the motion to dismiss under Rule 12(b)(1) as well as Rule 12(b)(6).  In the alternative, Mason requests that the Court consider this motion a renewed motion to dismiss pursuant to Rule 12(b)(1).[2]

---

[2] Mason also intends to file a notice of appeal of the order denying the motion to dismiss to ensure the timeliness of the appeal under the collateral order doctrine.  However, Mason will request that the Court of Appeals hold the appeal in abeyance pursuant to Fed. R. App. P. 4(a)(4)(B)(i) until the Court has resolved this motion.

## FACTUAL BACKGROUND

Mason is a public institution of higher education in the Commonwealth of Virginia and an instrumentality of the Commonwealth. Am. Compl. ¶¶ 7-8. Under Virginia law, "[t]he board of visitors of George Mason University (the board) is a corporation under the name and style of 'The Rector and Visitors of George Mason University,'" and "shall at all times be under the control of the [Virginia] General Assembly." Va. Code § 23.1-1500.

Ms. Amison is a student at Mason. Am. Compl. ¶ 16. In 2018, Ms. Amison admitted to violating Mason's Honor Code. *Id.* ¶¶ 26-27. In May 2020, Ms. Amison received a notice that she was being charged with another violation of the Mason's Honor Code based on alleged cheating in CS112, a computer science course. *Id.* ¶ 22. Per Mason's Honor Code procedures, a hearing was held on June 29, 2020 for the Honor Committee to review the allegations against Ms. Amison, during which Ms. Amison had the opportunity to respond to the allegations and present witnesses. *Id.* ¶¶ 30. Following the hearing, the Honor Committee found that Ms. Amison had violated the Honor Code. *Id.* ¶ 43.

## STANDARD OF REVIEW

The Court can reconsider its December 5, 2022 Order under Fed. R. Civ. P. 59(e) or 60(b).[3] A Rule 59(e) motion for reconsideration may be granted "(1) to accommodate an

---

[3] The Court may reconsider its December 5, 2022 Order under Rule 59 and 60 because it is appealable as a final order under the collateral order doctrine as it resolved an issue of Eleventh Amendment immunity. *See* Fed. R. Civ. P. 54(a) (defining "judgment" as "a decree and any order from which an appeal lies"); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) ("States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity."). While Rule 59 or 60 are the proper vehicles for reconsidering a collateral order, Mason notes that the same considerations of protecting the finality of a final judgment after a trial that typically inform a court's review of a Rule 59 or 60 motion are not implicated when the court reconsiders a decision such as the one at issue here.

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *In re Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819-20 (E.D. Va. 2019).  However, these "standards are applied even less stringently when the issue for which reconsideration is sought implicates the court's subject matter jurisdiction." *S.C. v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).  "[T]he Supreme Court itself has decided that the value of correctness in the subject matter jurisdiction context overrides at least some of the procedural bars in place to protect values of finality and judicial economy." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (finding district court abused discretion by not reconsidering decision that dealt with subject matter jurisdiction).[4]

A Rule 60(b) motion for reconsideration can be granted if a party demonstrates "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances" as well as one of the six specific sections of Rule 60(b). *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).[5]  Among the specific reasons for granting a Rule 60(b) motion are "mistake," because the "judgment is void"

---

[4] The Court could also reconsider its December 5, 2022 Order under Fed. R. Civ. P. 54(b), which permits a court to revise an order at any time before the entry of a judgment adjudicating all the claims in a case.  Under Rule 54(b) a party is "not required to make a showing of extraordinary circumstances.  Instead, the goal [ ] is to reach the correct judgment under the law." *Netscape Communs. Corp. v. Valueclick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010).

[5] Here the threshold issues are all met.  Mason has filed this motion within three weeks of the Court's order.  Mason has a meritorious defense of sovereign and Eleventh Amendment immunity.  There is no prejudice to the opposing party as the case is still at the motion to dismiss stage.  Finally, there are exceptional circumstances of ensuring that the Court does not exercise jurisdiction over a matter where it lacks the ability to do so. *See Vinten v. Jeantot Marine Alliances, S.A.*, 191 F. Supp. 2d 642, 651-52 (D.S.C. 2002) (finding that threshold issues were met where Rule 60(b) motion raised issues of jurisdiction).

or "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (4), and (6).  An order is void "if the court lacked personal or subject matter jurisdiction." *Wells Fargo*, 859 F.3d at 299.

Alternatively, the Court can consider this motion a renewed motion to dismiss under Rule 12(b)(1).  "A motion to dismiss under Rule 12(b)(1) is nonwaivable and can be brought at any time . . . regardless of whether a litigant raised the issue in an initial pleading." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).  "A Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject-matter jurisdiction can lie. . . . when a defendant contends that sovereign immunity protects it from suit, the 12(b)(1) motion attacks the complaint on its face." *Dunn v. United States VA*, 3:18cv699, 2019 U.S. Dist LEXIS 216213, at *18 (E.D. VA. Dec. 16, 2019)

Whether the Court treats this motion as a motion for reconsideration or a renewed motion to dismiss under Rule 12(b)(1), "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Medtronic, Inc. v. Lee*, 151 F. Supp. 3d 665, 671 (E.D. Va. 2016) ("A court must dismiss a case where the court finds subject matter jurisdiction lacking.").  "[S]ubject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *Arbaugh*, 546 U.S. at 514.  Courts, therefore, "have an independent obligation to determine whether subject matter jurisdiction exists." *Id.*

## ARGUMENT

**I.      Mason's Sovereign Immunity Bars Amison's Claims Against Mason.**

Black letter law establishes that Mason has sovereign immunity against all of Amison's claims against it.  Therefore, it would be a clear error of law for the Court to assert jurisdiction over those claims.

Mason is "state supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and is an "arm of the Commonwealth of Virginia." *See Adkins v. Rector & Visitors of George Mason Univ.*, No. 15cv879, 2015 U.S. Dist. LEXIS 128150, at *4 (E.D. Va. Sept. 23, 2015). This includes both "George Mason University" and the "Rectors and Visitors of George Mason University," which is the official corporate name of the university and "under the control of the General Assembly." *See* Va. Code. § 23.1-1500; *see Adkins*, 2015 U.S. Dist. LEXIS 128150, at *4 (finding that the "Rectors and Visitors of George Mason University" is entitled to sovereign immunity under the Eleventh Amendment); *see also Yunsong Zhao v. Va. Polytechnic Inst. & State Univ.*, 7:18cv00189, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va. Oct. 16, 2018) ("Virginia Tech is designated by statute as a corporation under the control of the General Assembly, Va. Code Ann. § 23.1-2600 (2016), and as such its status is the same as any other state agency.").[6]

"It is well established that the Eleventh Amendment bars suit in federal court by an individual citizen against a sovereign state of the Union." *Roach v. West Va. Regional Jail & Corr. Fac. Auth.*, 74 F.3d 46, 48 (4th Cir. 1996). As the Supreme Court has explained, the Eleventh Amendment "withdraw[s] [ ] jurisdiction" and "effectively confers an immunity from suit" for States and state entities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Id.* This rule barring suit applies "regardless of the relief sought." *Id.* at 146. Therefore, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh

---

[6] Ms. Amison has not named the individual members of Mason's Board of Visitors as defendants. She has sued the state corporate entity created by Va. Code § 23.1-1500 under the name "Rector & Visitors of George Mason University."

Amendment" and "[t]his bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). "In effect, the Eleventh Amendment limits the ability of a federal district court to exercise subject-matter jurisdiction over an action brought against a state or one of its entities." *Roach*, 74 F.3d at 48.

Count I and III of the Amended Complaint allege claims under 42 U.S.C. § 1983 against Mason. But "it has long been settled" that § 1983 does not waive or abrogate the states' sovereign immunity. *In re Sec'y of the Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993) (*citing Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Therefore, federal courts cannot exercise subject matter jurisdiction over § 1983 claims against states and state entities because of their Eleventh Amendment immunity. The Supreme Court has explicitly stated that "if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting *any relief* on that claim." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) (emphasis added).

Courts, therefore, routinely hold that they cannot exercise subject matter jurisdiction over § 1983 claims against states and state entities. *See Yunsong Zhao*, 2018 U.S. Dist. LEXIS 177991, at *8-9 ("It is a matter of black letter law that a private individual cannot maintain a § 1983 suit against a state or a state agency in federal court on the basis of Eleventh Amendment immunity."); *Roach*, 74 F.3d at 48; *Demuren v. ODU*, 33 F. Supp. 2d 469, 474-75 (E.D. Va. 1999); *Adkins*, 2015 U.S. Dist. LEXIS 128150, at *4; *Tinsely v. Virginia*, 3:00CV670, 2001 U.S. Dist. LEXIS 25249, at *14-15 (E.D. Va. Feb. 15, 2001); *Chapman v. Bacon*, 3:14CV641, 2016 U.S. Dist. LEXIS 35173, at *17 (E.D. Va. Mar. 17, 2016); *Brown v. Va. Dep't of Corr.*, 6:07-CV-00033, 2009 U.S. Dist. LEXIS 3022, at *47 (W.D. Va. Jan. 9, 2009); *Brown v. Porter*, 2:19cv376, 2019 U.S. Dist. LEXIS 230426, at *31-32 (E.D. Va. Nov. 26, 2019).

Additionally, as explained in Mason's original motion, the Supreme Court held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989), that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" and that this holding extended to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. In *Howlett v. Rose*, 496 U.S. 356, 365 (1990), the Court further explained that "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."[7]

This Court also lacks subject matter jurisdiction over Ms. Amison's contract claim (Count II) against Mason because of Mason's Eleventh Amendment immunity. *See Pennhurst*, 465 U.S. at 121 (Eleventh Amendment applies to "state-law claims brought into federal court under pendent jurisdiction"). In *Nofsinger v. VCU*, 523 Fed. Appx. 204, 206 (4th Cir. 2013), the Fourth Circuit held that "[b]ecause VCU did not consent to the suit, the district court properly dismissed Nofsinger's contract claim against VCU as barred by the Eleventh Amendment." *See also Amaram v. Va. State Univ.*, 476 F. Supp. 2d 535, 540-41 (E.D. Va. 2007); *Nofsinger v. VCU*, No. 3:12-CV-236, 2012 U.S. Dist. LEXIS 97857, at *37-8 (E.D. Va. July 13, 2012); *Fleming v. Va. State Univ.*, 3:15cv268, 2016 U.S. Dist. LEXIS 28160, at *6-9 (E.D. Va. Mar. 4, 2016); *Abbas v. Woleben*, 3:13CV147, 2013 U.S. Dist. LEXIS 134446, at *14 (E.D. Va. Sept.

---

[7] *See, e.g., Abbas v. Woleben*, No. 3:13CV147, 2013 U.S. Dist. LEXIS 134446, at *9 (E.D. Va. Sep. 18, 2013). ("MCV is a part of Virginia Commonwealth University, a state government entity. Accordingly, since § 1983 is the remedy for constitutional violations by state actors and a state is not a person under § 1983, MCV cannot be sued under § 1983."); *Abatena v. NSU*, No. 2:13cv699, 2014 U.S. Dist. LEXIS 63249, at *30 (E.D. Va. May 6, 2014) (dismissing § 1983 claim against Norfolk State University because it "is a state government entity" and "a state is not a person under Section 1983"); *Bowers v. Rector & Visitors of the Univ. of Vir.*, No. 3:06cv00041, 2007 U.S. Dist. LEXIS 18623, at *11 (W.D. Va. Mar. 16, 2007) ("A mountain of case law supports the proposition that the University is not a person under § 1983.")

19, 2013). Likewise, here, Ms. Amison's breach of contract claim must be dismissed for lack of subject matter jurisdiction.

## II. Sovereign Immunity Bars the Claims Against Mason Even If Those Claims Are Limited to Injunctive Relief.

In her opposition to Mason's motion to dismiss, Amison correctly conceded that sovereign immunity barred claims for damages against Mason. Dkt. 15 at 6. The Court, however, lacks subject matter jurisdiction over the claims against Mason even if Ms. Amison limits the relief she is seeking to injunctive relief because sovereign immunity also precludes this equitable relief. The Supreme Court has explicitly stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" and that "*this bar exists whether the relief sought is legal or equitable.*" *Papasan*, 478 U.S. at 276 (emphasis added). Likewise, in *Puerto Rico Aqueduct*, the Supreme Court held that "suits against the States and their agencies [ ] *are barred regardless of the relief sought.*" 506 U.S. at 146 (emphasis added); *see also McCray v. Md DOT*, 741 F.3d 480, 483 (4th Cir. 2014) ("[A]bsent abrogation of sovereign immunity or consent from Maryland, McCray cannot seek injunctive or monetary relief from the MDOT or MTA.").

While an exception to Eleventh Amendment immunity exists for prospective injunctive relief against *state officers* under the *Ex parte Young* doctrine, that doctrine "has no application in suits against the States and their agencies." *Puerto Rico Aqueduct*, 506 U.S. at 146; *see also Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012) (prospective injunction exception is "inapplicable" where the claims are not against state officials); *Va. Ass'n of Towing & Recovery Operators v. Virginia*, 78 Fed. Appx. 867, 867 (4th Cir. 2003) ("[T]he only defendant VATRO sued was the Commonwealth of Virginia, consequently *Ex parte Young* does not apply."); *White v. W. Va. DOT*, No. 1:17-CV-4617, 2018 U.S. Dist. LEXIS 131362, at

9

*7 (S.D. W. Va. Aug. 6, 2018) (§ 1983 claim for injunctive relief barred because plaintiff "sued the West Virginia Department of Transportation, not an official").

Again, this motion deals only with Ms. Amison's claims against Mason, a state agency (including "the Rector & Visitors of George Mason University," the official corporate name for the state agency). *See* Va. Code. § 23.1-1500; *see Adkins*, 2015 U.S. Dist. LEXIS 128150, at *4. The *Ex parte Young* doctrine is therefore inapplicable here, and the Eleventh Amendment deprives the Court of subject matter jurisdiction over those claims, "regardless of the relief sought." *Puerto Rico Aqueduct*, 506 U.S. at 146.

Moreover, even if the *Ex parte Young* doctrine could somehow apply to the claims against Mason (and again, it cannot), this Court would not have subject matter jurisdiction over a claim by Ms. Amison for prospective injunctive relief because she lacks standing to seek such relief. The Supreme Court held in *L.A. v. Lyons*, 461 U.S. 95, 111 (1983), that the "equitable remedy [of an injunction] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." The Court further explained that "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Id.* at 103. Following the Court's holding in *Lyon*, the Fourth Circuit has recognized that "[t]he law is well settled that federal injunctive relief is an extreme remedy" and that "a future or conjectural threat of injury is insufficient to justify injunctive relief" under § 1983. *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995); *see also Raub v. Campbell*, 785 F.3d 876, 885-86 (4th Cir. 2015).

Here, Ms. Amison has only alleged a "past wrong," i.e., the alleged denial of due process in her academic integrity hearing in 2020 for alleged cheating in CS112. Am. Compl. ¶¶ 30-42,

10

80. She has not alleged that she plans to take CS112 (or any other class at Mason) again, let alone that she will be accused of cheating again. She, therefore cannot show "any real or immediate threat that [she] will be wronged again." *Lyons*, 461 U.S. at 111. To the contrary, any potential future harm would be "merely speculative," which is insufficient to "make out [the] prerequisite for equitable relief." *Raub*, 785 F.3d at 886; *see also Stover v. Coll. of William & Mary in Va.*, 4:21cv150, 2022 U.S. Dist. LEXIS 190466, at *14-15 (E.D. Va. Oct. 18, 2022) ("Without a sufficient likelihood that Plaintiff will be wronged again in a similar way, Plaintiff's allegations of future harm are neither imminent nor concrete and she does not have standing to seek injunctive relief under . . . § 1983."); *Doe v. Rector & Visitors of the Univ. of Va.*, 3:19-cv-00070, 2020 U.S. Dist. LEXIS 157001, at *9 (W.D. Va. Aug. 28, 2020) (plaintiff "'must allege an injury that is concrete, particularized, and immediately threatening' in order to establish that she has met the minimum constitutional requirement for Article III standing " and "the injury must be 'certainly impending to serve as the basis for standing in a suit for injunctive relief'") (quoting *Griffin v. Dep't of Labor Fed Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Mason in the Amended Complaint because the claims are barred by Mason's sovereign immunity and the Court does not have subject matter jurisdiction over the claims.

December 21, 2022					RESPECTFULLY SUBMITTED,

							_____/s/_____

							Eli S. Schlam, Asst. Atty. Gen.
							Virginia Bar Number 92987
							George Mason University
							4400 University Drive,
							MS 2A3
							Fairfax, VA 22030
							Phone: (703) 993-2619
							Fax: (703) 993-2340
							eschlam@gmu.edu

							*Attorney for The Rector and Visitors of George Mason University*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 21st day of December 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

            /s/
            Eli S. Schlam, Asst. Atty. Gen.
            Virginia Bar Number 92987
            George Mason University
            4400 University Drive,
            MS 2A3
            Fairfax, VA 22030
            Phone: (703) 993-2619
            Fax: (703) 993-2340
            eschlam@gmu.edu