IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

KYLIE AMISON,

      *Plaintiff*,                              Civil Action No.: 1:22-cv-00731

v.

RECTOR AND VISITOR OF GEORGE
MASON UNIVERSITY, *et al*.,

      *Defendant*.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
<u>RULE 59 AND 60 MOTION TO RECONSIDER</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................2

ARGUMENT ......................................................................................................................4

CONCLUSION .................................................................................................................10

CERTIFICATE OF SERVICE .........................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)..................................................9

*Allah v. Ricci*, 532 F.App'x 48, 51 (3rd Cir. 2013) .....................................................4

*Andrews v. Daw*, 201 F.3d 521, 524-25 n.2 (4th Cir. 2000).......................................9

*Auto Services Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)......................5

*Black Bear Energy Servs. v. Youngstown Pipe & Steel, LLC*, 2017 U.S. Dist.
   LEXIS 108510 ........................................................................................................4

*Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) ...................................................5

*Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).........................................10

*Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).......................................6

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3rd Cir. 2010)...........................................5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................9

*Ngatia v. Dep't of Pub. Safety*, 2015 U.S. Dist. LEXIS 153545 ...............................5

*Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ............5

*Ram Ditta v. Maryland National Capital Park & Planning Commission*, 822 F.2d
   456 (4th Cir. 1987)..................................................................................................7

*Ray v. Ganoe*, Civ. Action No. 15-343, 2015 U.S. Dist. LEXIS 152775..................4

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765,
   768 (4th Cir. 1991)..................................................................................................9

*Savage v. County of Stafford*, 2010 U.S. Dist. LEXIS 44030 (E.D. Va. May 4, 2010) ..................................................................................................................8

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Green v. Mansour*, 474 U.S. 64 (1985)..................................................................................................7

*United States v. Fiorelli*, 337 F.3d 282, 288 (3rd Cir. 2003)......................................4

*United States v. Smithfield Foods, Inc.*, 969 F.Supp. 975, 977 (E.D. Va. 1997) ......5

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002) ...................10

**Statutes**

42 U.S.C. § 2000d-7.....................................................................................................7

**Rules**

Fed. R. Civ. P. 59(e)...............................................................................................4, 5

Fed. R. Civ. P. 60(b) ...................................................................................................5

## ARGUMENT

This Court denied Defendants' Rule 12(b)(6) motion in its entirety on December 5, 2022. Plaintiff asserts that the Court should not reconsider its order. This Honorable Court's ruling is based on sound precedent. Plaintiff's claims against Defendants can procced in this court as the Court has jurisdiction over Plaintiff's claims against Defendants. "A motion for reconsideration, or a motion to alter or amend a judgment under Rule 59(e), is a 'device to relitigate the original issue' decided by the district court and to allege legal error." *Black Bear Energy Servs. v. Youngstown Pipe & Steel, LLC*, 2017 U.S. Dist. LEXIS 108510 (citing *United States v. Fiorelli*, 337 F.3d 282, 288 (3rd Cir. 2003)). "A motion for reconsideration is "appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled." *Ray v. Ganoe*, Civ. Action No. 15-343, 2015 U.S. Dist. LEXIS 152775. "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Black Bear Energy Servs. v. Youngstown Pipe & Steel, LLC*, 2017 U.S. Dist. LEXIS 108510.

Three circumstances exist under which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest

injustice. Fed. R. Civ. P. 59(e); *Allah v. Ricci*, 532 F.App'x 48, 51 (3rd Cir. 2013) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3rd Cir. 2010)). Defendants provide no new evidence to support its motion for reconsideration, nor do Defendants offer any intervening change in the law to support its motion for reconsideration. Defendants claim that the court erred when denying Defendants' Rule 12(b)(6) motion to dismiss. The unsubstantiated arguments asserted by Defendants do not satisfy the standards for a motion for reconsideration.

Fourth Circuit courts assert that the Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Ngatia v. Dep't of Pub. Safety*, 2015 U.S. Dist. LEXIS 153545 (citing *Auto Services Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). Parties may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b). Parties may not use Rule 59(e) motions to set forth arguments which might have been brought up before judgment is issued, nor may Rule 59(e) motions be used to argue legal theories that the party could have asserted in the first instance. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008). "A Rule 59(e) motion for reconsideration may not be used to 'reargue the facts and law originally argued in the parties' briefs.'" *United States v. Smithfield Foods, Inc.*, 969 F.Supp. 975, 977 (E.D. Va. 1997).

Here, Defendants express disagreement with this Court's decision denying the Rule 12(b)(6) motion. A party's disagreement with the Court's decision is not a basis for granting a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Defendants do not have a sound basis for asserting a Rule 59(e) motion in the present action. Due to no new arguments being raised by Defendants, the Court should deny Defendants' motion for reconsideration under Fed R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). Defendants merely discuss subject matter jurisdiction and its non-waivable status in the federal courts. However, Plaintiff has subject matter jurisdiction in the present action as pled, and the Court should deny Defendants' motion for reconsideration.

Defendants request that this Court considers the Rule 59(e) and Rule 60(b) motion a Rule 12(b)(1) motion in the alternative. Essentially, Defendants attempt to reassert their Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted by conclusively stating that the Court lacks subject matter jurisdiction to hear Plaintiff's claims. The Plaintiff is entitled to injunctive relief, and Defendants do not have sovereign immunity against all of Plaintiff's claims.

The Eleventh Amendment does not confer absolute immunity upon the individual states. Congress may abrogate the States' sovereign immunity if it unequivocally expresses the intent to do so and acts pursuant to a constitutional provision bestowing upon Congress the power to pierce the shield of immunity

provided by the Eleventh Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Green v. Mansour*, 474 U.S. 64 (1985). If it is established that Congress has abrogated a state's sovereign immunity, the second element to consider is whether Congress acted in accordance with a valid exercise of constitutional power. *Id*. Section Five of the Fourteenth Amendment grants Congress the constitutional power "to intrude upon the province of the Eleventh Amendment and therefore…allows Congress to abrogate the States' immunity from suit guaranteed by that Amendment. *Id*.

Under 42 U.S.C. § 2000d-7, "a state shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal Court for a violation of…title IX of the Education Amendments of 1972…or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." Plaintiff asserts a § 1983 claim that prohibits discrimination by recipients of Federal financial assistance.

The Fourth Circuit created a four-part test to assess whether or not a Defendant is a local entity that can be sued under Section 1983, or whether a Defendant is an arm of the state that possesses Eleventh Amendment sovereign immunity. *Ram Ditta v. Maryland National Capital Park & Planning Commission*, 822 F.2d 456 (4th Cir. 1987). The first part of the test concerns whether the state treasury will pay any judgment that may be awarded. The other factors under the

*Ram Ditta* test are (1) whether the state entity exercises a significant degree of autonomy from the state; (2) whether it is involved with local versus state-wide concerns; and (3) how it is treated as a matter of state law. *Savage v. County of Stafford*, 2010 U.S. Dist. LEXIS 44030 (E.D. Va. May 4, 2010).

Here, Plaintiff's claims would not be paid out of the state treasury if Defendants' were found liable for violating 42 U.S.C. § 1983. Also, Defendants' do exercise significant autonomy from the state due to its adherence to intellectual freedom and the training of future professionals who will live and work throughout the United States. Defendants are also concerned with local concerns more than state-wide concerns due to their fixed geographic location on the George Mason campus in Fairfax, Virginia. Local influence and custom have shaped the institution, and its faculty and staff are devoted to educating students from many states and countries other than Virginia. Also, the Court should allow the parties to investigate through the discovery process how Defendants are treated as a matter of state law. These factors establish that Defendants' constitute a local entity that can be sued under 42 U.S.C. § 1983.

Defendants also assert that Plaintiff does not have standing to assert a § 1983 claim against Defendants because Plaintiff fails to show irreparable injury. Plaintiff was denied adequate due process in an academic integrity hearing, and the consequences of this denial demonstrate that Plaintiff has suffered an irreparable

injury. Plaintiff continues to suffer damage to her academic and professional reputation which will affect her future scholastic endeavors and professional goals. Defendants denied Plaintiff her constitutional due process rights and caused her irreparable injury for which she seeks injunctive relief. Plaintiff has clearly established (1) an injury in fact to a legally protected interest (2) caused by the defendants' conduct (3) which is likely to be redressed by a judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiff meets the requirements of standing because she requests injunctive relief that will rectify the harms she suffered due to Defendants' actions.

"When assessing a challenge to subject matter jurisdiction, the court may look beyond the face of the complaint and consider other evidence outside the pleading without converting the motion into one for summary judgment." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A court should dismiss for lack of federal subject matter jurisdiction 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The Fourth Circuit has not determined whether a dismissal based on Eleventh Amendment immunity is a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Andrews v. Daw*, 201 F.3d 521, 524-25 n.2 (4th Cir. 2000).

The Eleventh Amendment allows claims for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). A plaintiff may invoke the doctrine of *Ex parte Young* when "a straightforward inquiry" reveals that the plaintiff has alleged an ongoing violation of federal law. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002).

## CONCLUSION

Based on the foregoing, Defendants' Motion for Reconsideration should be denied.

Date: January 4, 2023

Respectfully submitted,

Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com

/s/ *William W. Smith, III*
William W. Smith, III, Esq.
(VA Bar ID 92533)
Critzer Cardani, PC
12090 West Broad Street, 2nd Floor
Henrico, VA 23233
(804) 793-8010

10

(804) 767-3436 fax
Will@cclawva.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on January 4, 2023, I served the foregoing document upon all CM/ECF registered parties herein by filing copies of same using the CM/ECF System.

/s/ *William W. Smith, III*
William W. Smith, III, Esq.
