IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| KYLIE AMISON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:22-cv-00731 |
| | ) | |
| RECTOR AND VISITOR OF GEORGE MASON UNIVERSITY, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**SOCRATES DIMITRIADIS' RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Socrates Dimitriadis, by and through counsel, moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiff's complaint with prejudice.[1]

The grounds for the motion are as follows:

1. Count I and III asserts a claim under 42 U.S.C. § 1983 for violation of the due process clause and conspiracy. These claims must be dismissed because they were not filed within the two-year statute of limitations for § 1983 claims in Virginia.

2. Count I must also be dismissed because Plaintiff has failed to state a claim for violation of the due process clause by Professor Dimitriadis. She has failed to allege that Professor Dimitriadis *acted personally* in the deprivation of the plaintiff's rights,"

---

[1] The parties have agreed that Court II of the Amended Complaint is not asserted against Professor Dimitriadis.

as is required to state a claim under § 1983 against a state official. *Williams v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (emphasis added). She has also failed to allege that she has been deprived of a constitutionally protected property or liberty interest and, even if she has, her Amended Complaint demonstrates that she received a notice and hearing.

3. Count III, which alleges a claim for civil conspiracy under § 1983, must also be dismissed because Plaintiff has failed to allege an underlying constitutional violation and she has failed to allege that the defendants came to a mutual understanding to try to accomplish a common and unlawful plan. Count III must also be dismissed under the intracorporate conspiracy doctrine because all of the alleged conspirators are employees of George Mason University.

4. Additionally, Count I and III must be dismissed as to Professor Dimitriadis in his individual capacity because he has qualified immunity. The Fourth Circuit's recent holding in *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 238-40 (4th Cir. 2021) is dispositive here. In *Sheppard*, the Fourth Circuit held that there is "no clearly established right to continued enrollment in higher education" and as a result a university administrator was entitled to qualified immunity for a § 1983 due process claim related to a university disciplinary proceeding. *Id.* Additionally, Plaintiff cannot identify clearly established law holding that a professor violates a student's due process rights by accusing them of cheating and testifying at their disciplinary hearing, as Professor Dimitriadis is alleged to have done.

5. Count I and III must also be dismissed as to Professor Dimitriadis in his official capacity. As to monetary claims, the Eleventh Amendment precludes Plaintiff from

bring those claims in federal court and the Court therefore lacks subject matter jurisdiction. Likewise, injunctive relief claims are barred by Eleventh Amendment immunity because the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to the injunctive relief sought by Plaintiff. Additionally, Plaintiff lacks standing to seek injunctive relief against Professor Dimitriadis because she has not demonstrated a likelihood that she will be wronged again, as required by *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). She also cannot meet the traceability and redressability requirements for injunctive relief. The Court therefore lacks subject matter jurisdiction because of lack of standing.

The legal arguments outlined above are set forth at length in the accompanying Memorandum of Points and Authorities. This motion is based on the complaint filed in this action, this motion, the accompanying memorandum of points and authorities and exhibits thereto, any subsequently filed reply brief and any oral argument presented by the Defendant during the hearing for this motion.

January 13, 2023                                    RESPECTFULLY SUBMITTED


_____/s/_____
Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu

*Attorney for Professor Socrates Dimitriadis*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of January 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

                                          _____/s/_____

Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu