## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

KYLIE AMISON,

       *Plaintiff,*

                             Civil Action No.: 1:22-cv-00731

v.

RECTOR AND VISITOR OF GEORGE
MASON UNIVERSITY, *et al.,*

       *Defendant.*

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT
## <u>DIMITRIADIS' MOTION TO DISMISS (EFC #29)</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ................................................................................. 1

STANDARD OF REVIEW ........................................................................ 1

ARGUMENT ....................................................................................... 2

I.   Defendant's Motion to Dismiss should be denied in its entirety as it does not conform with well-established pleading requirements ................................... 2

II.  Counts I and III are not barred by Statute of Limitations ............................. 3

III. Counts I and III are valid as to Defendant Dimitriadis in his Individual Capacity ....................................................................................... 5

   A.  Defendant Dimitriadis Violated Due Process ........................................ 5
   B.  Property and Liberty Interest Rights ................................................. 6
      i.   Protected Property Interest ....................................................... 6
      ii.  Protected Liberty Interest ........................................................ 8

C.  Due Process Measures Provided ........................................................ 9

IV. Conspiracy Requirements Under §1983 as to Count III ................................ 10

V.  Qualified Immunity ........................................................................ 11

VI. Counts I and III are valid as to Defendant Dimitriadis in his Official Capacity ....................................................................................... 13

   A.  Eleventh Amendment Immunity and Injunctive Relief ............................. 13
   B.  Lack of Standing ....................................................................... 16

CONCLUSION .................................................................................... 16

CERTIFICATE OF SERVICE ................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Harlow v. Fitzgerald*, 457 U.S. (1982) ....................................................11

*A Soc'y Without A Name v. Virginia*, 655 F.3d 342 (4th Cir. 2011).........................3

*Acorn Land, LLC v. Balt. County*, 402 Fed. Appx. 809 (4th Cir. 2010) ...................2

*Adams v. Bain*, 697 F.2d 1213 (4th Cir. 1982) ...............................................1

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................1, 2

*Bd. of Curators v. Horowitz*, 435 U.S. 78 (1978) ........................................10

*Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356 (2001) ...........................14

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)............................................2

*Board of Regents of State Colleges v Roth* , 408 U.S. 564 (1972) ...........................7

*Brentwood Acad. v. Tennessee Secondary School Ass'n*, 531 U.S. 288 (2001) ......11

*Butler v. Rector and Bd. of Visitors of Coll. of William and Mary*, 121 Fed. Appx.

   515 (4th Cir. 2005)...............................................................................7

*Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324 (4th Cir. 2009)

   ..............................................................................................13

*Doe v. Alger*, 175 F. Supp. 3d 646 (W.D. Va. 2016).................................................7

*Doe v. Va. Dep't of State Police*, 713 F.3d 745 (4th Cir. 2013)..............................16

*Doe v. Va. Polytechnic Inst. & State Univ.*, 400 F. Supp. 3d 479 (W.D. Va. 2019).4

*Doe v. Washington & Lee Univ*., 439 F. Supp. 3d 784, 2020 WL 618836 (W.D. Va. 2020) ...........................................................................................................8

*Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999) ....................................2

*Endres v. Northeast Ohio Medical University*, No. 5:17cv2408, 2018 U.S. Dist. LEXIS 142745, 2018 WL 4002613 (N.D. Ohio Aug. 22, 2018) ..........................4

*Equity in Athletics, Inc. v. Dept. of Education*, 639 F.3d 91 (4th Cir. 2011) ............6

*Frew ex rel. Frew v. Hawkins*, 540 U.S. 431 (2004)................................................14

*Hafer v. Melo*, 502 U.S. 21 (1991) ........................................................................13

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ............................................................14

*Henson v. Honor Committee of U. Va*., 719 F.2d 69 (4th Cir. 1983).....................10

*Kerns v. United States*, 585 F.3d 187 (4th Cir. 2009) ................................................1

*Lapides v. Bd. of Regents of Univ. Sys., of Ga.*, 535 U.S. 613 (2002).....................15

*Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012) ..14

*Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986).................................12

*Manship v. Trodden*, 2007 U.S. Dist. LEXIS 78913, 2007 WL 3143559 (E.D. Va. Oct. 22, 2007) ....................................................................................................11

*Mitchell v. Forsyth*, 472 U.S. 511 (1985). ..............................................................14

*Nasim v. Warden, Md. House of Corr*., 64 F.3d 951 (4th Cir. 1995) ........................3

*Owens v. Balt. City State's Attys. Office*, 767 F.3d 379 (4th Cir. 2014)..................12

*Pearson v. Callahan*, 555 U.S. 223 (2009).............................................................12

iii

*Perry v. Sindermann*, 408 U.S. 593 (1972) ................................................................7

*Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214 (1985)........................................7

*Republican Party of N.C. v. Martin*, 980 F.2d 943 (4th Cir. 1992)...........................2

*Ridpath v. Board of Governors Marshall University*, 447 F.3d 292, 309 (4th Cir.

   2006) ........................................................................................................................8

*Sansotta v. Town of Nags Head*, 724 F.3d 533 (4th Cir. 2013)................................5

*Shirvinski v. U.S. Coast Guard*, 673 F.3d 308 (4th Cir. 2012).................................8

*Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243 (4th Cir. 2005) .............................2

*Tolliver v. Prairie View A&M University*, No. H-18-1192, 2018 U.S. Dist. LEXIS

   169031, 2018 WL 4701571 (S.D. Tex. Oct. 1, 2018) ...........................................4

*Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977)....................................................5

## Statutes

28 U.S.C. § 1331 ......................................................................................................15

28 U.S.C. § 1343(3) .................................................................................................15

42 U.S.C. § 1983 ......................................................................................................15

Va. Code § 8.01-243(A)..............................................................................................3

## Rules

Fed. R. Civ. P. 11(a)...................................................................................................2

## INTRODUCTION

Plaintiff Kylie Amison submits this Opposition to Defendant Dimitriadis' Motion to Dismiss. Defendants Motion to Dismiss should be denied in its entirety.

## STANDARD OF REVIEW

Rule 12(b)(1) motion can be characterized as either a "facial" or a "factual" challenge to the court's subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge argues that the complaint fails to allege facts sufficient to support a finding that a court has subject matter jurisdiction. *Id.* Thus, if the Rule 12(b)(1) motion is a facial challenge, "'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, the factual allegations of the complaint are treated as true. *Id.*

To survive a Rule 12(b)(6) motion, the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of a complaint must be "enough to raise a right to relief above the speculation level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the Plaintiff. *Id.*

A Rule 12(b)(6) motion "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter…to state a claim to relief that is plausible on its face." *Acorn Land, LLC v. Balt. County*, 402 Fed. Appx. 809, 816 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A motion to dismiss for failure to state a claim upon which relief can be granted may only be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

## ARGUMENT

## I.  Defendant's Motion to Dismiss should be denied in its entirety as it does not conform with well-established pleading requirements

Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name. Fed. R. Civ. P. 11(a). The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention. Fed. R. Civ. P. 11(a).

Defendant Dimitriadis presents the present unsigned motion, brief and certificate of service to this honorable court. As such, the contents of the motion and accompanying brief are unverified. The court should dismiss Defendant's Motion to Dismiss in its entirety.

## II.   Counts I and III are not barred by Statute of Limitations

Plaintiff agrees that the due process claims are subject to a two-year statute of limitations, as §1983 borrows the forum state's personal injury limitations period. In Virginia, the statute of limitations for personal injury is two years. Va. Code § 8.01-243(A). Therefore, the status of limitations for a §1983 claim is a two-year limitation. *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). However, the critical question for the due process claims is when the cause of action accrues.

The time of accrual is governed by federal law. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). "Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id. Doe v. Va. Polytechnic Inst. & State Univ.*, 400 F. Supp. 3d 479, 489-90 (W.D. Va. 2019). Plaintiff's claims accrued on June 30, 2020, the date Plaintiff became aware of the disciplinary decision.

A number of federal courts, in similar circumstances, have found the initial decision to be the accrual date, regardless of the existence of an appeal. In *Tolliver*, a student was ordered expelled as a result of disciplinary proceedings. An appeal was filed with the university, but there was no response. The court held that his claim accrued when he learned of his expulsion, and the appeal did not affect it. *Tolliver v. Prairie View A&M University*, No. H-18-1192, 2018 U.S. Dist. LEXIS 169031, 2018 WL 4701571, at *4 (S.D. Tex. Oct. 1, 2018).

Of most significance, in *Endres,* a student was expelled for cheating and was notified of that decision on October 22, 2015. The student appealed, a new hearing was held, and then a notice dated November 19, 2015, "reiterated his dismissal." He alleged both that the underlying process and the appeal process violated his due process rights. Despite this, the court concluded that the claim in its entirety accrued upon his initial notification on October 22, 2015. Thus, his complaint, filed on November 16, 2017, was untimely. *Endres v. Northeast Ohio Medical University*, No. 5:17cv2408, 2018 U.S. Dist. LEXIS 142745, 2018 WL 4002613, at *16-17 (N.D. Ohio Aug. 22, 2018). *Doe v. Va. Polytechnic Inst. & State Univ.*, 400 F. Supp. 3d 479, 491 (W.D. Va. 2019).

Plaintiff was notified of the results of her disciplinary proceeding on June 30, 2022. The Defendants attempts to shorten the statue of limitations to the date in which Defendant Dimitriadis testified during Plaintiff's disciplinary hearing is not

persuasive. At the time Defendant testified Plaintiff had not yet suffered the harm of the discipline. It was not until Plaintiff learned of the disciplinary decision on June 30, 2020 that her claim accrued. Plaintiff's complaint was filed within the statute of limitations.

### III.   Counts I and III are valid as to Defendant Dimitriadis in his Individual Capacity

A. <u>Defendant Dimitriadis Violated Due Process</u>

To succeed on a procedural due process claim, a plaintiff must show (1) that he had a constitutionally cognizable life, liberty, or property interest; (2) that deprivation of that interest was caused by some form of state action; and (3) that the procedures employed were constitutionally inadequate. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013). "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Defendant Dimitriadis acted personally when he acted with personal knowledge that the testing software was faulty. With that knowledge, Defendant Dimitriadis chose to report Plaintiff and further testify against her to gain a disciplinary finding of which he was ultimately successful. Defendant Dimitriadis know of the faulty programs, knew that the faulty programs were harming students at the university, continued to utilize the faulty programs to test students then proceeded to report the known issues with the faulty programing gaining disciplinary

violations for students with personal knowledge that the disciplinary violation would result in injury to the student's known liberty and property interest. Defendant Dimitriadis further withheld information from the disciplinary committee regarding the limitations of the software in which Plaintiff accusations stem from.

### B. Property and Liberty Interest Rights

#### i. Protected Property Interest

Plaintiff has a constitutionally protected property right in her undergraduate degree. To plead a due process claim, a plaintiff must allege facts to show that she was deprived of "'life, liberty or property, by governmental action.'" *Equity in Athletics, Inc. v. Dept. of Education*, 639 F.3d 91, 109 (4th Cir. 2011) "In order to have a property interest in a benefit, a person must have more than a mere 'unilateral expectation of it' or 'abstract need or desire for it.'" *Id.*

The issue of whether a student attending a public university has a property interest in continued enrollment is not settled. Neither the Supreme Court nor the Fourth Circuit have "explicitly recognized a property interest in a student's continued enrollment in a public college or university or a liberty interest in his good name, resulting from a constitutionally infirm disciplinary process." *Doe v. Alger*, 175 F. Supp. 3d 646, 656 (W.D. Va. 2016). However, both courts have assumed that one or both interests exist.

In *Regents of Univ. of Mich.*, the Court "accept[ed] the University's invitation" to 'assume the existence of a constitutionally protectible property right in [Ewing's] continued enrollment,'" *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985).

The Fourth Circuit also has assumed a property interest in continued enrollment before finding that a student who was expelled received due process. *Butler v. Rector and Bd. of Visitors of Coll. of William and Mary*, 121 Fed. Appx. 515, 518 (4th Cir. 2005).

A property interest also may be conferred by contract, or by a clearly implied promise of the right. *Board of Regents of State Colleges v Roth*, 408 U.S. 564, 577 (1972). "A person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972) A written contract is evidence of a formal understanding that supports a claim of a property interest, but absence of a contract may not always foreclose the possibility that a person has a property interest. *Id.*

Plaintiff enrolled at Defendant George Mason University ("George Mason") with the intent to pursue an undergraduate degree. Upon acceptance by George Mason to obtain educational instruction to complete an undergraduate degree,

Plaintiff furnished the set tuition. After consideration was paid, Plaintiff became a student at George Mason, completing the contract for educational services to obtain an undergraduate degree. There is a dearth of authority from Virginia courts holding that an implied contract is created through payment of tuition. *Doe v. Washington & Lee Univ.*, 439 F. Supp. 3d 784, 2020 WL 618836, at *8 (W.D. Va. 2020).

As per George Mason's policies and procedures, Plaintiff had an expectation of continued enrollment in the program and to be free from unbased disciplinary action. Plaintiff has a well established property interest in her educational degree from George Mason.

    ii.  Protected Liberty Interest

To make out a liberty interest based on damage to one's good name, reputation, or integrity, a person must show more than a reputational injury to make out a constitutional claim. *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314-15 (4th Cir. 2012). A plaintiff must show that his reputational injury was accompanied by a state action that "'distinctly altered or extinguished'" his legal status. *Id.* at 315. This type of injury is sometimes referred to as "stigma-plus." *Ridpath v. Board of Governors Marshall University*, 447 F.3d 292, 309, n.16 (4th Cir. 2006).

While enrolled at George Mason Plaintiff was pursuing an undergraduate degree. A degree which will allow Plaintiff to continue on to a graduate degree program and ultimately secure her a position within the workforce. Plaintiff's liberty

interest in her good name and reputation has been injured as a result of the Defendants action. Plaintiff's honesty and integrity is now called into question. As a result of the disciplinary proceeding and subsequent decision Plaintiff will not be required to disclosed her integrity violation on every application to graduate schools. As graduate school and future employers seek her educational records to determine fit and placement without their respective places of education and employment, Plaintiff will turned away due to Defendants actions. Plaintiff's constitutionally protected liberty interest has been injured as a result of Defendants actions.

### C. Due Process Measures Provided

Looking at the third prong of the test Plaintiff must plead that that the procedures employed in his disciplinary case were constitutionally inadequate. Plaintiff's disciplinary hearing was constitutionally inadequate in many areas including when Defendant Dimitriadis knowingly withheld material limitations of the software to the discipline committee.

In *Hensen*, the Fourth Circuit commented on the flexibility of due process requirements in the context of disciplinary proceedings for failure to meet academic standards versus requirements based on allegations of misconduct, concluding that "disciplinary proceedings require more stringent procedural protection than academic evaluations, even though the effects of an adverse decision on the student may be the same." *Henson v. Honor Committee of U. Va.*, 719 F.2d 69, 74 (4th Cir.

1983) (citing *Bd. of Curators v. Horowitz*, 435 U.S. 78, 88, 98 S. Ct. 948, 55 L. Ed. 2d 124 (1978)).

Plaintiff was not provided with notice that there would be a manual review of her work prior to the hearing. Had Plaintiff been away of the manual review, Plaintiff would have prepared to defend such action. Plaintiff was not provided notice of the contents of Defendant Dimitriadis' testimony regarding the software utilized by the department. While Plaintiff was able to present her own witness, Plaintiff's witness was sequestered during Defendant Dimitriadis' testimony leaving Plaintiff with the inability to adequately provide a rebuttal, especially in light of the intentional misleading of the committee panel. Plaintiff had insufficient amount of time to prepare for a hearing that carried the very serious consequence from the university and subsequently in her further educational and workforce careers. Defendants were inadequate to afford her due process.

## IV.   Conspiracy Requirements Under §1983 as to Count III

A non-state actor can be held liable in a §1983 claim when the actor was a "willful participant in joint activity with the State or its agents." *Brentwood Acad. v. Tennessee Secondary School Ass'n*, 531 U.S. 288, 296, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001). However, "[f]or a private party to be held liable under § 1983, the plaintiff must allege that the private party engaged in a conspiracy with state actors

to deprive him of his constitutional rights. *Manship v. Trodden*, 2007 U.S. Dist. LEXIS 78913, 2007 WL 3143559, at *3 (E.D. Va. Oct. 22, 2007).

Defendants acted with willful indifference to their students when they purchased and employed the use of software with knowledge that the software was faulty and would result in illegitimate findings. Defendant Dimitriadis employed this software as stated in the course syllabus. Defendant Dimitriadis had knowledge of the material limitations to the program and chose to utilize it in his courses regardless. A large number of students are falsely accused of cheating as a result of the software. With knowledge of the large numbers of students falsely accused of cheating due to the software, Defendant reported Plaintiff for cheating as a result of the software error and furthered the discipline by testifying and withholding information from the committee panel. Defendant Dimitriadis was a willful participate in accusing and disciplining students based on knowingly faulty software.

## V.   Qualified Immunity

The doctrine of qualified immunity protects state officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials

from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). The purpose of qualified immunity is to protect officials from suit when the state of the law is such that they would not have known that their conduct violates statutory or constitutional rights, but it does not protect officials when they have acted incompetently or knowingly violated the law. *Owens v. Balt. City State's Attys. Office*, 767 F.3d 379 (4th Cir. 2014) (citing *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).)

To determine whether an official is entitled to qualified immunity, courts use a flexible two-step inquiry: (1) whether the plaintiff alleges facts that show a violation of a constitutional right; and (2) if so, whether that constitutional right was "clearly established" at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232. Courts need not strictly adhere to this two-step test, particularly at the pleadings stage, because the precise factual basis for claims may be hard to identify. *Id.* at 238-39.

Plaintiff has adequately pled a due process violation with a taking of both a constitutionally protected property and liberty interest. Plaintiff's due process rights were clearly established at the time of the taking. It is well established that students within the educational field are afforded the due process right when they have been accused of a wrongdoing that could result in discipline or expulsion. Defendant

Dimitriadis acted intentionally to deprive Plaintiff of those rights by purchasing and utilizing software known to provide inaccurate result of cheating, Defendant Dimitriadis then provided Plaintiff for discipline from the known faulty results, lastly Defendant Dimitriadis withheld valuable information at Plaintiff's committee panel hearing which influenced the panel to find Plaintiff guilty of the wrongfully accused infraction.

Defendant Dimitriadis is a person within the meaning of §1983. Officials sued in their individual capacities are "persons" within the meaning of §1983 and are not absolutely immune from suit. *Hafer v. Melo*, 502 U.S. 21, 31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Defendant officials have the burden of pleading and proving qualified immunity. *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 332 n.10 (4th Cir. 2009). Defendant Dimitriadis has not proved that he qualifies for immunity based on his action and thus Plaintiff's claims should proceed.

## VI.   Counts I and III are valid as to Defendant Dimitriadis in his Official Capacity

### A. Eleventh Amendment Immunity and Injunctive Relief

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or

statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).

Defendant's assertion that Plaintiff's claim brought under 42 U.S.C. § 1983 is barred by sovereign immunity and Eleventh Amendment immunity does not take into consideration the three exceptions to the Eleventh Amendment immunity. *Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012).

"Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). The second exception states that "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004). The third exception concerns a State's freedom "to waive its Eleventh Amendment immunity from suit in a federal court." *Lapides v. Bd. of Regents of Univ. Sys., of Ga.*, 535 U.S. 613, 618, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002).

Plaintiff's treatment by Defendant Dimitriadis violated the University's own policies and procedures, in which Plaintiff had both a liberty and property interest. Defendants do not find fault with Plaintiff's claims so the Defendants actions, only their ability to bring suit. The Defendant is not immune from all claims by the Eleventh Amendment. Defendants actions in utilizing the knowingly faulty programing for instruction

Sovereign immunity granted by the Eleventh Amendment does not extend to claims for injunctive relief. Plaintiff seeks injunctive relief through its Amended Complaint. Plaintiff's §1983 claims, the claims for injunctive relief cannot be summarily dismissed. Defendant provides an overbroad interpretation of the parameters of sovereign immunity and Eleventh Amendment immunity.

Defendant states that qualified immune applies to Plaintiff's claims. The Civil Rights Act of 1871, 17 Stat. 13, provided what are now 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). The Judiciary Act of 1875, 18 Stat. 470, provided what now is 28 U.S.C. § 1331. Defendant's qualified immunity argument does not apply to injunctive and declaratory relief under § 1331 and *Ex parte Young*. Plaintiff is entitled to injunctive relief under the federal law. Plaintiff has laid out enough facts, taken in the light most favorable to Plaintiff, to provide for relief. Plaintiff's claims should be allowed to move forward to discovery and a trial date set.

B. <u>Lack of Standing</u>

To have standing, a plaintiff "must be able to show that (1) she suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 753 (4th Cir. 2013).

Plaintiff suffered an injury at the hands of Defendant, the injury of which is traceable to Defendants conduct, the injury is likely to be redressed through a favorable decision, and in order to prevent further injury of the same nature an injunction on Defendants conduct is necessary. Plaintiff was found in violation of George Mason's cheating policy as a result of Defendant Dimitriadis' action. As such Plaintiff will be required to disclose this action to all prospective graduate programs and employers resulting in past and continued harm. Plaintiff maintains standing to bring the present claims.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss the Amended Complaint should be denied, and this matter set for trial by jury. Should the Court deem insufficiencies in Plaintiff's Amended Complaint, Plaintiff respectfully asks the Court for leave to amend.

Date: January 27, 2023                    Respectfully submitted,

Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com

/s/ *William W. Smith, III*
William W. Smith, III, Esq.
(VA Bar ID 92533)
Critzer Cardani, PC
12090 West Broad Street, 2nd Floor
Henrico, VA 23233
(804) 793-8010
(804) 767-3436 fax
Will@cclawva.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 27, 2023, I served the foregoing document upon all CM/ECF registered parties herein by filing copies of same using the CM/ECF System.

<u>*/s/ William W. Smith, III*</u>
William W. Smith, III, Esq.