**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**

KYLIE AMISON,                                )
                                             )
                                             )
         *Plaintiff,*                        )
                                             )
                                             )
v.                                           )          Civil Action No.: 1:22-cv-00731
                                             )
RECTOR AND VISITOR OF GEORGE                 )
MASON UNIVERSITY, *et al.*                   )
                                             )
                                             )
         *Defendants.*                       )

---

**REPLY IN SUPPORT OF SOCRATES DIMITRIADIS'S
RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

---

Plaintiff's opposition confirms that her claims against Professor Dimitriadis must be dismissed with prejudice. The opposition simply ignores at least seven different binding and dispositive Supreme Court or Fourth Circuit cases which require dismissal here:

- *Iota Xi Chapter of Sigma Chi Frater. v. Patterson*, 566 F.3d 138 (4th Cir. 2009) – due process claim related to university disciplinary proceeding must be brought against the official who conducted hearing or adjudicated the charge, neither of which Professor Dimitriadis is alleged to have done

- *Nofsinger v. Va. Commonwealth Univ.*, 523 Fed. Appx. 204 (4th Cir. 2013) – no property right in continued enrollment in higher education

- *Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985) – intracorporate conspiracy doctrine bars conspiracy claims where all conspirators are employees of the same organization, as pled here

- *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230 (4th Cir. 2021) – university officials are entitled to qualified immunity for due process claim related to disciplinary proceedings because there is no clearly established right to continued enrollment in higher education

- *Kentucky v. Graham*, 473 U.S. 159 (1985) – Eleventh Amendment immunity bars damages claims against state officials sued in official capacity

- *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) – Eleventh Amendment immunity bars injunctive relief unless seeking prospective relief for an ongoing constitutional violation

- *Los Angeles v. Lyons*, 461 U.S. 95 (1983) – no standing for injunctive relief unless real or immediate threat that the plaintiff will be wronged again in the same way

Plaintiff makes no attempt to distinguish or explain away any of this binding and dispositive law. And this is just the tip of the iceberg because Plaintiff also fails to address or distinguish nearly all of the cases cited in the opening brief. Not only does that case law require dismissal, but having failed to respond to the arguments and cases in the opening brief, Plaintiff has conceded them. *See Williams v. Newport News Sch. Bd.*, 4:20-cv-41, 2021 U.S. Dist. LEXIS 157323, at *52 (E.D. Va. Aug. 19, 2021) ("If a party fails to counter an argument that an opposing party makes in a motion, the court may treat that argument as conceded.").

Plaintiff has not only failed to respond to these dispositive arguments, but she repeatedly makes concessions demonstrating that her claim must be dismissed.  For example, she concedes that there is no clearly established law that university students have a property or liberty interest in their continued enrollment, Opp. at 6, which means that Professor Dimitriadis is, at least, entitled to qualified immunity.  She also concedes that there is a "dearth of authority" supporting her implied contract theory which underpins her due process argument.  *Id.* at 8.  She does not contest that she has graduated from Mason making it impossible for her to seek prospective injunctive relief or to demonstrate that she will be wronged again in a similar way, both requirements for seeking injunctive relief under § 1983.

Moreover, Plaintiff's own description of what she is alleging Professor Dimitriadis did wrong establishes that she cannot state a claim against him.  Her complaint is that Professor Dimitriadis uses software (the MOSS software) to detect and report cheating in his classes that she believes is faulty and, therefore, should not have been used to report her.  Opp. at 5.  That is simply not a basis to assert a § 1983 due process or civil conspiracy claim.  Nor has Plaintiff identified any action that Professor Dimitriadis took that deprived her of anything, let alone a constitutionally protected right.  All plaintiff argues is that Professor Dimitriadis reported her for cheating and testified at her hearing, neither of which deprived her of anything.

Plaintiff's claims against Professor Dimitriadis must be dismissed with prejudice.

## I.     Defendant's Motion Complies with the Court's Pleading Requirements.

Plaintiff begins her opposition with the incorrect argument that Professor Dimitriadis's motion does not comply with Fed. R. Civ. P. 11(a) because it is unsigned.  Plaintiff's counsel appear to be unfamiliar with this Court's E-Filing Policies and Procedures, which state "[t]he user login and password required to submit documents to the ECF system serve as the filing

user's signature on all electronic documents filed with the Court.  They serve as a signature for purposes of Fed. R. Civ. P. 11 . . .  and any other purpose for which a signature is required in connection with proceedings before the Court."  E.D. Va. ECF Policies and Procedures at 28. Plaintiff's argument is frivolous.[1]

## II.     Plaintiff Did Not Timely File Their Opposition.

Plaintiff's opposition was due on January 27, 2023.  At 8:40 PM, Plaintiff's Counsel emailed a copy of their opposition to Defense Counsel and the Court stating they had encountered a "technical issue" and would "continue to attempt to remedy the issue on our end." *See* Ex. 1.  Plaintiff did not file her opposition until January 30th at 3:13 PM.  This Court's E-Filing Policies and Procedures Manual is explicit that "[p]roblems with the filing user's phone lines, Internet Service Provider, hardware, or software do not constitute a technical failure under the *ECF Policies and Procedures,* nor excuse an untimely filing.  **Filing users who experience technical failures on their end are still expected to file both timely and electronically.**" E.D. Va. ECF Policies and Procedures at 30 (emphasis in original).  Whatever technical issues Plaintiff counsel faced, it does not excuse their untimely filing.

## III.    Counts I and III as to Professor Dimitriadis Are Barred By the Statute of Limitations.

Plaintiff concedes that in order for her claim against Professor Dimitriadis to be timely it must have been filed within two years of when the claim against Professor Dimitriadis accrued. *See* Opp. at 3.  However, Plaintiff incorrectly asserts that her claim against Professor Dimitriadis accrued when the decision in her Academic Integrity case was issued.  As Plaintiff's own brief

---

[1] It is actually Plaintiff's counsel that is not complying with the E-Filing Policies and Procedures which instruct counsel to only place a "/s/" "in the space where the signature would otherwise appear."  *Id.* at 29.

demonstrates, her due process claim against Professor Dimitriadis is that he violated her due process rights when he "chose to report Plaintiff and further testify against her to gain a disciplinary finding," not that he made or imposed the decision in her Academic Integrity case *Id.* at 5 *see also* Am. Compl. ¶ 42 (asserting that "Defendant Dimitriadis . . . violated Plaintiff's right to due process" prior to her receiving the notice that she was found responsible). Plaintiff was aware of both Professor Dimitriadis reporting her and testifying at the hearing when they occurred on May 20, 2020 and June 29, 2020 respectively. *See* Am. Compl. ¶¶ 22, 30. Neither the Amended Complaint nor the Opposition identify any action by Professor Dimitriadis that occurred after June 29, 2020. Therefore, Plaintiff "posse[ed] sufficient facts about the harm done to" her that form the basis of her claim against Professor Dimitriadis, as of June 29, 2020 when he testified at her hearing. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Her claim against Professor Dimitriadis therefore accrued on June 29, 2020, and her claim against Professor Dimitriadis is untimely because it was not filed until June 30, 2022.[2]

## IV.    Plaintiff Has Failed to Allege That Professor Dimitriadis Personally Deprived Her of Anything.

As Plaintiff admits, she can only state a claim against Professor Dimitriadis in his individual capacity if he acted personally in the deprivation of the plaintiff's rights. . . .  That is, the officials own individual actions must have violated the Constitution." *Williams v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018); *see* Opp. at 5. But Plaintiff's Opposition confirms that she does not and cannot meet this requirement. Her Opposition makes plain that her claim against

---

[2] Plaintiff's argument regarding whether the existence of an appeal delays the accrual of a claim and her citation to *Enders* and *Tolliver*, both out of state cases, are an irrelevant non-sequitur. Professor Dimitriadis did not contend that Ms. Amison's appeal of her academic integrity case had any impact on the accrual of her claim.  It is therefore, unclear why Plaintiff has made this argument or cited these cases.

Professor Dimitriadis is that she believes that the "testing software" he uses to identify potential cheating is faulty.  Opp. at 5.  Regardless of whether that is true, it is not a basis to assert a due process claim against him.  The due process clause is not a basis for a federal court to question or second guess how a university faculty member decides to monitor and detect cheating in his class.  While Plaintiff may disagree with the method used to identify cheating by Professor Dimitriadis, all she has alleged is that he used that method to refer her for cheating and then testified at her hearing, neither of which is a due process violation.  Opp. at 5.  She has made no allegation and makes no argument in her Opposition that Professor Dimitriadis himself deprived her of anything, let alone a constitutionally protected interest.

Plaintiff's Opposition also fails to cite, address, or distinguish in any way the Fourth Circuit's ruling in *Patterson*, 566 F.3d 138, which is dispositive here.  Having failed to counter this argument, Plaintiff has conceded it.  *See Williams*, 2021 U.S. Dist. LEXIS 157323, at *52 ("If a party fails to counter an argument that an opposing party makes in a motion, the court may treat that argument as conceded.").

*Patterson* requires dismissal.  There, the Fourth Circuit explained that the school official "who conducted the hearing" and "adjudicated the ensuing charges" was "the official who inflicted the alleged constitutional injury on the plaintiffs."  *Id* at 149.  The Fourth Circuit then affirmed the district court's dismissal of the § 1983 claim against other school officials because "in order to obtain relief on [their] claim, the plaintiffs should have named [the official who conducted the hearing and adjudicated the charges], and their failure to do so entitled the existing defendants to judgment as a matter of law."  *Id.*

Likewise, here, Plaintiff is trying to assert a due process claim against a faculty member who was not responsible for conducting the hearing or adjudicating the charges.  To the contrary,

Plaintiff's Amended Complaint alleges that Professor Dimitriadis was a "witness" at her hearing. *See* Am. Compl. ¶¶ 34-36.  Plaintiff makes no attempt whatsoever to explain how her claim against Professor Dimitriadis can survive in light of the Fourth Circuit's binding decision in *Patterson*.  Nor could she since all Professor Dimitriadis did was refer her for an academic integrity violation and testify at her hearing.  Under the Fourth Circuit's binding precedent in *Patterson*, the claim against Professor Dimitriadis must be dismissed.

### V.    Plaintiff Has Not Been Deprived of a Constitutionally Protected Property or Liberty Interest.

Plaintiff's due process claim also fails because she has not been deprived of a constitutionally protected property or liberty interest.  Plaintiff concedes that neither the Fourth Circuit nor the Supreme Court has held that university students have a property interest in continued enrollment.  Opp. at 6.  That concession is well-taken given the plethora of cases cited by Professor Dimitriadis—none of which Plaintiff cites or attempts to distinguish—that have held that university students do not have a property interest in continued enrollment.  *See* Mot. at 9, *see also Nofsinger*, 523 Fed. Appx. at 205; *Abbas v. Woleben*, 3:13CV147, 2013 U.S. Dist. LEXIS 134446, at *20 (Sept. 19, 2013) ("The Eastern District of Virginia *has* conclusively ruled on this issue . . . finding that a property interest does not exist in continued education.").

Plaintiff's only argument for a property interest is her assertion of an implied contract between Mason and her arising from her paying tuition.  *See* Opp. at 7-8.  But Plaintiff admits that there is a "*dearth* of authority from Virginia courts holding that an implied contract is created through payment of tuition."  Opp. at 8 (emphasis added).  And the case that she attempts to cite for her implied contract theory, *Doe v. Wash. & Lee Univ.*, 439 F. Supp. 3d 784 (W.D. Va. 2020), rejected her argument and held that "[g]overning Virginia law does not impose an implied-in-law contract between a university and a student merely on account of payment of

tuition."   Likewise in *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573, 588 (E.D. Va. 2018), this Court rejected Plaintiff's argument and held that accepting it would "impermissibly expand Virginia law without any input from Virginia's highest court."   Plaintiff's contract theory was also rejected in *Abbas*, 2013 U.S. Dist. LEXIS 134446, at *9-12, 21, and *Doe v. Va. Poly. Inst. & State Univ.*, 7:19-cv-00249, 2020 U.S. Dist. LEXIS 47754, at *17 (W.D. Va. Mar. 19, 2020).[3] Unsurprisingly, Plaintiff does not cite any case where her implied contract theory has been accepted, let alone provided the basis for a due process claim.   Nor does she explain how her theory can be squared with the mountain of cases that have held that there is no property right in continued enrollment.

Likewise, Plaintiff fails to respond to any of Professor Dimitriadis's arguments for why she cannot state a liberty interest claim.   Plaintiff concedes that a reputational injury alone is insufficient to plead a liberty interest, Opp. at 8, but then fails to offer any argument as to how she has shown the necessary deprivation of "some more tangible interests."   She does not contest that under *Doe v. George Mason Univ.*, in order to meet this requirement she would need to plead that she was expelled, which she cannot do since she alleges in her complaint that she is still a Mason student (nor does she contest that she graduated from Mason in December 2022). *See also Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 315 (4th Cir. 2012) ("stigma plus" test requires plaintiff to show that the "reputational injury was accompanied by a state action that 'distinctly altered or extinguished' his legal status").   Again, by failing to address these

---

[3] The reasoning in *Washington & Lee* and *Marymount*, which both involved private universities, is even stronger when applied to Mason, a state university with sovereign immunity.   The Virginia Supreme Court has explained that the Commonwealth and its agencies have sovereign immunity from quasi-contract or implied contract claims.   *See William E.S. Flory Small Bus. Dev. Ctr. v. Commonwealth*, 261 Va. 230, 237 (Va. 2001).   Given this holding, it would be an even more impermissible expansion of Virginia law to hold that a state university has formed a quasi- or implied contract through the acceptance of tuition.

arguments in her brief, they can be considered conceded. *See Williams*, 2021 U.S. Dist. LEXIS 157323, at *52.

Even if Plaintiff could overcome that hurdle (and she cannot), Plaintiff also cannot show a sufficient reputational injury. She does not contest that to satisfy this element, she would need to allege "a likelihood that prospective employers or members of the public would see the damaging information." *Doe*, 132 F. Supp. 3d at 722. Plaintiff makes the *ipse dixit* assertion that she will have to disclose the academic integrity violation to potential employers, but fails to explain why that is the case. Opp. at 9. Such speculation about what she might have to do in the future is not sufficient to defeat a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right of relief above the speculative level."). And even if Plaintiff's statement were credited, the only basis for a liberty claim is that *she* may have to disclose the information. But a liberty interest claim requires her to plead "a stigmatizing statement [ ] made public *by the public university*." *Doe*, 132 F. Supp. 3d at 722 (emphasis added). Plaintiff has not and cannot contend that Mason has or will make any statement about her academic integrity finding, nor could she since Mason is prohibited from sharing any information about her under FERPA. *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 84 (1978) (no liberty interest claim "when there is no public disclosure of the reasons for the discharge"); *Sheppard v. Visitors of Va. State Univ.*, 2019 U.S. Dist. LEXIS 70661, at *20 (E.D. Va. Apr. 25, 2019) (dismissing liberty interest claim where plaintiff "has not alleged that his suspension was in any way publicized or noted on his student records").

In short, Plaintiff has offered no basis—let alone supporting case law—for this Court to make new law and find against the weight of precedent that Plaintiff was deprived of a constitutionally protected property or liberty interest here.

## VI.     Plaintiff Received Notice and an Opportunity to Be Heard.

Even if this Court were to conclude that Plaintiff was deprived of a constitutionally protected property or liberty interest, her Opposition demonstrates that she received constitutionally adequate due process.  The only case Plaintiff cites in support of her argument that there were not constitutionally adequate procedures is *Henson v. Honor Comm. of U. Va.*, 719 F.2d 69 (4th Cir. 1983).  But that case demonstrates that Plaintiff did receive adequate due process.  In *Henson*, the Fourth Circuit held that a student involved in an honor committee proceeding received "constitutionally sufficient" process when he received "adequate notice of the charges against him and the opportunity to be heard by disinterested parties." *Id.* at 74. Here, Ms. Amison does not and cannot allege or argue that she did not receive notice of the charges against her and a hearing before disinterested parties.  To the contrary, her complaint alleges that she did receive notice, *see* Am. Compl. ¶¶ 22-24; Mot. Ex. 1, and a hearing before a neutral hearing committee, *id.* at ¶¶ 30, 34-35, 40.

Unable to contend that she was denied notice and an opportunity to be heard, Plaintiff instead offers several irrelevant assertions about the evidence presented during her Honor Committee.  Notably, she does not provide a single case citation where a court has found any of her arguments to be a basis for finding a lack of due process.  Nor could she, since the Supreme Court has explicitly directed federal courts in *Wood v. Strickland*, 420 U.S. 308, 326 (1975)— another case cited by Prof. Dimitriadis that Plaintiff just ignores—that, "§ 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations."

Moreover, Plaintiff's specific arguments are wholly without merit.  *First*, she claims that she was denied due process because Professor Dimitriadis "withheld material limitations of the

software to the discipline committee." Opp. at 9. But she provides no explanation, let alone a case citation, for how a witness not providing testimony to the decision maker constitutes inadequate due process. It was Plaintiff's responsibility to present "her side of the story" at the hearing, not Professor Dimitriadis's. *Second*, Plaintiff asserts that she "was not provided with notice that there would be a manual review of her work prior to the hearing," and that "she was not provided notice of the contents of Defendant Dimitriadis's testimony regarding the software utilized by the department." *Id.* Plaintiff's argument however is foreclosed by the Fourth Circuit's holding in *Linton v. Frederick Cty. Bd. of Cty. Comm'rs*, 964 F.2d 1436, 1440 (4th Cir. 1992)—another case Plaintiff ignores in her opposition—which held that due process "does not mandate that all evidence on a charge or even the documentary evidence be provided, only that such descriptive explanation be afforded as to permit [the accused] to identify the conduct giving rise to the dismissal and thereby to enable [her] to make a response." Plaintiff does not allege that she was unaware of the conduct giving rise to her academic integrity hearing, i.e. cheating on an exam, nor could she since it was spelled out in the notice she received. *See* Mot. Ex. 1. Plaintiff also does not explain at all how having this information about the manual review would have changed how she responded to the allegations or the outcome. Nor could she, since the Honor Committee decision states that its decision was based on the "reliability of [the] Moss" software analysis, not the manual review. Mot. Ex. 3; *see also Atemnkeng v. Barr*, 948 F.3d 231, 241 (4th Cir. 2020) ("to succeed on a procedural due process claim" plaintiff must show "that the defect prejudiced the outcome of the case").

   *Third*, Plaintiff argues that her witness being sequestered during Professor Dimitriadis's testimony constitutes a due process violation, but sequestering witnesses is a routine practice in both university disciplinary and court proceedings and Counsel is not aware of any case where it

has been found to constitute a due process violation.  *Finally*, Plaintiff contends that she had insufficient time to prepare for the hearing.  Plaintiff did not make this allegation in her complaint, and cannot raise it in her opposition for the first time.  Moreover, Plaintiff's complaint demonstrates that she had 40 days to prepare for her hearing between receiving notice on May 20, 2020 and the hearing on June 29, 2020, certainly enough time to prepare for the hearing and much more than is constitutionally required.  *See Goss v. Lopez*, 419 U.S. 565, 582 (1975) (explaining that "hearing may occur almost immediately following the misconduct").

In short, Plaintiff is grasping for straws to try to manufacture a due process claim and has offered no basis in law or fact for this court to find against the overwhelming weight of the case law that a student who received notice of the charges against her and an opportunity to be heard by a neutral decision maker was somehow denied due process.

## VII.    Plaintiff Has Failed to Allege a § 1983 Conspiracy Claim.

Plaintiff's opposition fails to respond to any of Professor Dimitriadis's arguments for why she has not stated a § 1983 conspiracy claim.  Instead, Plaintiff just repeats her position that the software used by Professor Dimitriadis to identify cheating in his class is faulty.  Whether or not that is true, it is completely irrelevant to whether she has stated a due process claim (a prerequisite for a § 1983 conspiracy claim, *see Massey v. Ojaniit*, 759 F.3d 343, 357-58 (4th Cir. 2014)), or the necessary elements of a § 1983 conspiracy claim.  In order to state a conspiracy claim, Plaintiff needed to "plead facts that would reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan."  *Rutternberg v. Jones*, 283 Fed. Appx. 121, 132 (4th Cir. 2008).  But Plaintiff's opposition just argues that Professor Dimitriadis on his own employed the supposedly faulty software and reported students for cheating.  Opp. at 11.  Neither in her amended

complaint nor opposition does she make any argument for how she has pled that Professor

Dimitriadis came together with others and agreed on a mutual plan to accomplish an unlawful

goal.  Her failure to do so requires dismissal of the conspiracy claim.  *See id.*

Regardless, Plaintiff's opposition fails to contest, and therefore concedes, that her § 1983

civil conspiracy claim must be dismissed because of the intracorporate conspiracy doctrine.  *See*

*Williams*, 2021 U.S. Dist. LEXIS 157323, at *52.  Once again, Plaintiff completely ignores

Professor Dimitriadis's argument and makes no attempt to dispute or distinguish the numerous

cases that have held that a conspiracy claim cannot lie when all of the alleged conspirators are

employees of the same organization.  *See* Mot. at 14-15; *Buschi*, 775 F.2d at 1251-53.  Here,

Plaintiff alleges that all of the alleged conspirators were employees of Mason, *see* Am. Compl. ¶

14, and therefore, her civil conspiracy claim must be dismissed pursuant to the intracorporate

conspiracy doctrine.  *See, e.g.*, *Cosby v. Town of Farmville*, 3:20cv494, 2021 U.S. Dist. LEXIS

152717, at *16-17 (E.D. Va. Aug. 12, 2021).

## VIII.   Prof. Dimitriadis Is Entitled to Qualified Immunity from Claims Against Him in His Individual Capacity.

Even if Plaintiff could overcome all of the above fatal flaws with her claims, her claim

against Professor Dimitriadis in his individual capacity must still be dismissed because he is

entitled to qualified immunity.  Qualified immunity "shields government officials from liability

for civil damages, provided that their conduct does not violate clearly established statutory or

constitutional rights within the knowledge of a reasonable person."  *Meyers v. Balt. Cty.*, 713 F.3d

723, 731 (4th Cir. 2013).  For a right to be "clearly established" there must be "cases of

controlling authority in this jurisdiction—that is decisions of the Supreme Court, [the Fourth

Circuit] court of appeals, and the highest court of [Virginia]" *Booker v. S.C. Dep't of Corr.*, 855

F.3d 533, 538 (4th Cir. 2017).

Yet again, Plaintiff's opposition just ignores the binding and dispositive case law cited in the opening brief establishing that there is *not* clearly established law.  In *Sheppard*, 993 F.3d at 238-40, the Fourth Circuit held that a § 1983 due process claim brought by a university student regarding a disciplinary proceeding could be "quickly disposed of on the basis of qualified immunity."  *Id.*  The Fourth Circuit then held explicitly that there is "***no clearly established right to continued enrollment in higher education***" and as a result a university administrator was entitled to qualified immunity for a § 1983 due process claim related to a university disciplinary proceeding.  *Id.* (emphasis added).  Plaintiff does not even attempt to explain how her claim can survive in light of the Fourth Circuit's holding in *Sheppard*.  Additionally, having failed to address Professor Dimitriadis's argument under *Sheppard*, Plaintiff has conceded it.  *See Williams*, 2021 U.S. Dist. LEXIS 157323, at *52.

Moreover, Plaintiff's own brief admits that "[t]he issue of whether a student attending a public university has a property interest in continued enrollment is ***not settled***," and that "[n]either the Supreme Court nor the Fourth Circuit have 'explicitly recognized a property interest in a student's continued enrollment in a public college or university or a liberty interest in his good name resulting from a constitutionally infirm disciplinary process."  Opp. at 6 (emphasis added).  That admission (which is well taken given the Fourth Circuit held the same in *Sheppard*) is game over for Plaintiff with regard to qualified immunity because the absence of controlling authority on this point means that the law is not "clearly established" and qualified immunity must be granted to Professor Dimitriadis.  *See Booker*, 855 F.3d at 538.  Plaintiff's own brief demonstrates why, as in *Sheppard*, Plaintiff's claim against Professor Dimitriadis can be "quickly disposed of on the basis of qualified immunity."  993 F.3d at 238-40.

Plaintiff also fails to cite a single case, let alone controlling Supreme Court or Fourth Circuit cases, to show that it was clearly established that the conduct in which Professor Dimitriadis is accused of engaging in, i.e., accusing Plaintiff of cheating and testifying at her academic integrity hearing, violates the Due Process Clause. *See Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007) (right must be defined at a "high level of particularity" and must be "directed to what is disputed in this case"). All she does is again assert her view that Professor Dimitriadis should not have used the testing software to identify cheating. It should go without saying that Plaintiff's opinions do not create clearly established law. Plaintiff's inability to point to any on-point clearly established law further requires dismissal because of qualified immunity.

### IX. The Claims Against Professor Dimitriadis in His Official Capacity Must Be Dismissed.

As an initial matter, the official capacity claims fail for all of the reasons stated above for why Plaintiff has failed to state a claim for a violation of due process and civil conspiracy.[4] But even if the Court were to somehow find that Plaintiff has properly stated a claim, the official capacity claims must be dismissed because of Eleventh Amendment immunity and lack of standing. Plaintiff's opposition again fails to cite, address, or distinguish any of the binding and controlling Supreme Court and Fourth Circuit cases that require the dismissal of the official capacity claims because of Eleventh Amendment immunity and lack of standing.

---

[4] Plaintiff's opposition incorrectly states that Professor Dimitriadis does not find fault with Plaintiff's official capacity claims, only their ability to bring suit. Opp. at 15. This is clearly wrong since the first sentence of the section on the official capacity claims in the opening brief states that the "official capacity [claims] must be dismissed because she fails to state a claim under § 1983 for deprivation of due process or civil conspiracy" and then cited the previous section. Mot. at 18. To be clear, Professor Dimitriadis is arguing that the official capacity claims must be dismissed for failure to state a claim *and* lack of subject matter jurisdiction.

A.  Eleventh Amendment Immunity Bars the Official Capacity Claims.

It is black letter law "that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in the official capacities." *Huang v. Bd. of Governors of the Univ. of N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990).[5]  "This bar remains in effect when state officials are sued for damages in their official capacity." *Graham*, 473 U.S. at 169.  Additionally, the Supreme Court has explicitly stated that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" and therefore cannot be subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff does not contest any of this law and has therefore conceded this point.  *See Williams*, 2021 U.S. Dist. LEXIS 157323, at *52.  Indeed, Plaintiff has previously conceded that she cannot obtain monetary damages from Mason, *see* Dkt. 15 at 6, and a claim against a Mason employee in his official capacity is a claim against Mason.  *See Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020).  Plaintiff's official capacity monetary claim must be dismissed.

Likewise, Plaintiff does not address at all the equally clear black letter law that the Eleventh Amendment bars claims for injunctive relief against state officials sued in their official capacity.  *See Papasan v. Allain*, 478 U.S. 265, 276 (1986) (Eleventh Amendment "bar exists whether the relief sought is legal or equitable"); *Jemsek v. Rhyne*, 662 F. App'x. 206, 210 (4th Cir. 2016) ("Eleventh Amendment immunity extends to state officers sued in their official capacities.  This jurisdictional bar applies regardless of the nature of the relief sought.") (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984)).

---

[5] For reasons passing understanding, Plaintiff repeatedly refers to "qualified immunity" in the section of her brief addressing the official capacity claims.  Qualified immunity is not applicable to official capacity claims, nor has Professor Dimitriadis argued that it is.

Plaintiff's only argument is to reference the three exceptions to Eleventh Amendment immunity: (1) Congress can abrogate sovereign immunity, (2) a state may waive its sovereign immunity, and (3) suits for prospective injunctive relief under *Ex parte Young.* Opp. at 14. While Plaintiff references the three exceptions, she does not provide any argument or case law that any of them apply here. Nor could she. It is black letter law that § 1983 did not abrogate state sovereign immunity. *See In re Sec'y of the Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993). It is equally well established that Virginia has not waived its sovereign immunity as to claims under § 1983. *See Pokrovskaya v. Va. Emp'tl. Comm'n*, 3:21cv271, 2021 U.S. Dist. LEXIS 251888, at *2 (E.D. Va. Apr. 26, 2021).

As for the exception for injunctive relief under *Ex parte Young,* Plaintiff's opposition once again just ignores the extensive argument in Professor Dimitriadis's brief for why the *Ex parte Young* exception does not apply here. *See* Mot. at 19-24. Instead, Plaintiff just states that she can assert a claim for injunctive relief, without providing any argument or case law. *See* Opp. at 15. Having failed to respond to any of Professor Dimitriadis's arguments for why *Ex parte Young* does not apply, Plaintiff has conceded those arguments and her claim must be dismissed. *See Williams*, 2021 U.S. Dist. LEXIS 157323, at *52.

As explained in Professor Dimitriadis's opening brief, the "narrow" exception created by *Ex parte Young* only applies "if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998); *see also P.R. Aqueduct*, 506 U.S. at 146. As explained in the opening brief, Plaintiff fails on both prongs. She is not seeking relief for an ongoing violation, as her academic integrity case ended in 2020 and she has not and cannot allege that she is or will be subject to another

academic integrity case.[6]  *See* Mot. at 20-21.  Likewise, she is not seeking prospective relief, rather the injunction she is seeking asks the Court to declare that Defendants' past actions are unlawful and to enjoin the investigation and hearing of Plaintiff, which all occurred in 2020.  *See id.*  This is exactly the type of injunctive relief declaring state officials "violated federal law in the past" that is not allowed under the *Ex parte Young* doctrine.  *P.R. Aqueduct*, 506 U.S. at 146.  Plaintiff did not contest Professor Dimitriadis's arguments or provide any explanation for why the injunctive relief she is seeking falls within the *Ex parte Young* exception.  Having failed to do so, she cannot rely on the *Ex parte Young* exception.

Plaintiff also failed to respond to Professor Dimitriadis's argument that she cannot rely on *Ex parte Young* to state a claim against him specifically because he was not responsible for the alleged deprivation of Plaintiff's rights and therefore does not have the "special relation" that the Fourth Circuit requires for a state official to be subject to an official capacity suit.  *See* Mot. at 22; *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001); *Individuals v. Bd. of Governors of the Univ. of N.C.*, 20CV1072, 2022 U.S. Dist. LEXIS 60315, at *13-14 (M.D.N.C. Mar. 31, 2022) (*Ex parte Young* was inapplicable because lack of special relationship between college administrators and challenged action).   As explained above, Plaintiff has failed to allege that Professor Dimitriadis is responsible for the alleged deprivation since he was not the one who decided her academic integrity case.  *See Patterson*, 566 F.3d at 149.  He, therefore, is not the proper defendant for an official capacity suit.  Likewise, Plaintiff failed to respond to the argument that Professor Dimitriadis is not the proper defendant for an official capacity suit because there is no allegation that he has the ability to provide the relief sought by Plaintiff.

---

[6] As noted in Professor Dimitriadis's opening brief, and not contested by Plaintiff, Plaintiff graduated from Mason in December 2022.

Plaintiff has not and cannot allege that Professor Dimitriadis has any control over the academic integrity process at Mason or the outcome of her case. He, therefore, is not a proper defendant. *See* Mot. at 23; *Al-Habashy v. Va. Dep't of Juvenile Justice*, 7:13CV459, 2014 U.S. Dist. LEXIS 134848, at \*28-29 (W.D. Va. Sept. 24, 2014) ("[T]he *Ex parte Young* exception only authorizes suits against state officials who have the power to provide the injunctive relief requested by the plaintiff."). And, once again, by failing to respond to these arguments, Plaintiff has conceded them. *See Williams*, 2021 U.S. Dist. LEXIS 157323, at \*52.

In short, Plaintiff has failed to establish that any of the exceptions to Eleventh Amendment immunity apply here, and thus the official capacity claim must be dismissed.

B. <u>Plaintiff Lacks Standing to Seek Injunctive Relief.</u>

Even if the Plaintiff could rely on *Ex parte Young* to bring an official capacity injunctive relief claim, the Court would still lack subject matter jurisdiction because of lack of standing. Plaintiff's opposition once again fails to actually engage with Professor Dimitriadis's arguments and ignores the binding Supreme Court case law cited by him in his opening brief. As Professor Dimitriadis explained, the Supreme Court held in *Lyons*, 461 U.S. at 111 (emphasis added), that the "equitable remedy [of an injunction] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff *will be wronged again*" and that "absent a sufficient likelihood that [plaintiff] will *again be wronged in a similar way*" injunctive relief is unavailable. Plaintiff makes no attempt whatsoever to explain how she satisfies the requirement of *Lyons.* Nor could she since she does not and cannot (since she has already graduated from Mason) allege that she will "again be wronged in a similar way," just that the past alleged wrong will supposedly have continued effects in the future. *Lyons* and the myriad cases cited in Professor Dimitriadis's opening brief,

*see* Mot. at 24-25,—none of which Plaintiff cites or attempts to distinguish—foreclose Plaintiff

seeking injunctive relief.  And again, since Plaintiff has failed to respond to this argument, she

has conceded it.  *See Williams*, 2021 U.S. Dist. LEXIS 157323, at *52.

Additionally, Plaintiff's attempt to demonstrate future harm, i.e., that she will be required

to disclose the academic integrity finding to future employers, Opp. at 16, is pure conjecture and

speculation.  Plaintiff does not allege that she has actually had to disclose the information or that

she has applied to any jobs that require her to do so.  As the Fourth Circuit has held "[t]he law is

well settled that federal injunctive relief is an extreme remedy" and that "a future or conjectural

threat of injury is insufficient to justify injunctive relief" under § 1983.  *Simmons v. Poe*, 47 F.3d

1370, 1382 (4th Cir. 1995); *see also Raub v. Campbell*, 785 F.3d 876, 885-86 (4th Cir. 2015).

Plaintiff also lacks standing because she cannot satisfy the traceability or redressability

prong of standing.  Plaintiff's only response to Professor Dimitriadis's argument is to assert, *ipse*

*dixit*, that the injury is traceable to defendants and the injury is likely to be redressed through a

favorable decision.  Opp. at 16.  Plaintiff does not explain how either of these assertions are true

as to Professor Dimitriadis, nor does she cite any cases or attempt to distinguish any of the ones

cited in the opening brief.  As explained in the opening brief, and not disputed by Plaintiff,

Professor Dimitriadis is not the individual who decided Plaintiff's academic integrity case and

therefore her alleged injury is not traceable to him.  *See Patterson*, 566 F.3d at 149; *Sierra Club*

*v. United States Def. Energy Support Ctr.*, 1:11-cv-41, 2011 U.S. Dist. LEXIS 84852, at *12

(E.D. Va. Jul. 29, 2011) (traceability requirement not met where plaintiff's "alleged injuries are

the results of the independent actions of . . . of third parties not before the court").  Likewise,

even if the Court were to issue the requested injunction against Professor Dimitriadis it would

have no effect because he does not control the academic integrity process at Mason, nor has

Plaintiff alleged that he does.  *See Disability Rights S.C. v. McMasters*, 24 F.4th 893, 903 (4th Cir. 2022) (no redressability because defendant "has no responsibility for enforcing the Proviso" so injunction enjoining enforcement "would have no effect on his conduct").  As the Fourth Circuit has explained, "an injury sufficient to meet the causation and redressability elements of the standing inquiry must result from the actions of the respondent, not from the actions of a third party beyond the Court's control."  *Mirant Potomac River, LLC v. EPA*, 577 F.3d 223, 226 (4th Cir. 2009); *see also Patterson*, 566 F.3d at 149.

## CONCLUSION

For the foregoing reasons and those stated in Professor Dimitriadis's opening brief, the claims against him must be dismissed with prejudice.[7]

February 2, 2023

RESPECTFULLY SUBMITTED,

/s/

Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu

*Attorney for Socrates Dimitriadis*

---

[7] At the conclusion of her opposition, Plaintiff informally requests permission to amend her complaint.  Plaintiff has already used her amendment as a matter of course under Rule 15(a) and therefore must obtain leave of Court to file a Second Amended Complaint.  Plaintiff's informal request for leave to amend is improper; she is required to file a separate motion seeking leave attaching the proposed Second Amended Complaint.  *See Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 355 (4th Cir. 2013).  She has also failed to explain how she would cure any of the deficiencies in her complaint by amendment, nor could she since any claim against Professor Dimitriadis under § 1983 related to her academic integrity hearing would suffer the same infirmities, including being barred by qualified and Eleventh Amendment immunity and the intracorporate conspiracy doctrine.  Her claims must therefore be dismissed with prejudice.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of February, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

_____/s/_____

Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu