IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KYLIE AMISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:22-cv-00731 |
| | ) |
| RECTOR AND VISITORS OF GEORGE MASON UNIVERSITY, *et al.* | ) |
| | ) |
| Defendants. | ) |

**CONSENT MOTION FOR STAY PENDING COLLATERAL ORDER APPEAL**

Defendants respectfully request that the Court stay this action during the pendency of their collateral order appeal to the Fourth Circuit of the denials of their motions to dismiss on the grounds of sovereign, Eleventh Amendment, and qualified immunity. Defendants have conferred with counsel for Plaintiff and they have consented to Defendants' request for a stay.

A stay of this case while the appeal is pending will conserve judicial resources and the resources of the parties. There is no reason for the Court or the parties to expend time, money, and resources on discovery in this case while dispositive issues that could result in the dismissal of the entire case are pending before the Fourth Circuit. As noted, Plaintiff have consented to granting a stay here. And both Eleventh Amendment and qualified immunity protects the state and state employees from the burden and cost of litigation, *see infra*, a protection which would be lost, thus irreparably injuring Defendants, if this case proceeds to discovery while the appeal is pending.

As the Supreme Court has explained, sovereign immunity "provides immunity from suit, not a defense to liability" and the "Eleventh Amendment is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued." *Alabama v. North Carolina*, 560 U.S. 330, 362 (2010).  The Supreme Court has also explained that "the value to States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice." *P.R. Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993).  Defendants would thus be irreparably injured if they are forced to face the burdens of litigation while their appeal is pending.

"Consequently, district courts frequently stay litigation pending resolution of sovereign immunity issues by appellate courts." *Indus. Servs. Grp. Inc. v. Dobson*, 1:21-cv-00090, 2022 U.S. Dist. LEXIS 109161, at *4 (W.D.N.C. June 21, 2022).   For example, in *Glover v. Hryniewich*, the Eastern District of Virginia determined that a stay was ***mandatory*** pending the appeal of the denial of sovereign immunity. 438 F. Supp. 3d 625 (E.D. Va. 2020).  The court explained that "[t]he proposition that a sovereign immunity defense is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation support that this case should not proceed while an interlocutory appeal on immunity is pending" and that the court therefore "lack[ed] jurisdiction to proceed to trial during the pendency of the [defendant's] interlocutory appeal." *Id.* at 645.  Many other courts in the Fourth Circuit and elsewhere have held similarly. *See, e.g., Indus. Servs.*, 2022 U.S. Dist. LEXIS 109161 at *6; *Pense v. Md. Dep't of Pub. Safety*, PWG-17-1791, 2018 U.S. Dist. LEXIS 243612, at *2 (D. Md. Jul. 26, 2018) (granting stay during pendency of collateral order appeal of order denying sovereign immunity); *White v. Chapman*, 1:14cv848, 2015 U.S. Dist. LEXIS 190485, at *5 (E.D. Va. Apr. 29, 2015) (same); *Goshtasby v. Bd. of Trs. of the Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997) (staying district court proceedings

pending resolution of a "non frivolous" appeal of denial of sovereign immunity and explaining that "if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending. Just so with an appeal by a state under the eleventh amendment"); *Root v. Liberty Emergency Physicians, Inc.*, 68 F.Supp.2d 1086, 1092 (W.D. Mo. 1999) (granting defendant's motion to stay pending appeal and to quash deposition pending the outcome of defendant's appeal of trial court's denial of sovereign immunity); *Myers v. Iowa Bd. of Regents*, 3:19-cv-00081, 2020 U.S. Dist. LEXIS 205600, at *2 (S.D. Iowa July 9, 2020) ("The Board is entitled to challenge the Court's order denying its sovereign immunity defense free from the pressures of continuing to defend against the very claim from which it contends it is immune"); *Doe v. Comm'r, N.H. HHS*, 18 cv-1039-D, 2021 U.S. Dist. LEXIS 42229, at *3 (D.N.H. March 8, 2021).

Likewise, qualified immunity also "confers immunity from suit and not merely from liability." *Rogers v. Pendleton*, 249 F.3d 279, 285 (4th Cir. 2001). As the Supreme Court has explained, "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forysth*, 472 U.S. 511, 526 (1985); *see id*. ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."); *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998) ("[T]here is a strong public interest in protecting public officials from the costs associated with the defense of damage actions."). Professor Dimitriadis would be irreparably injured by losing the protection of qualified immunity if he is forced to bear the burdens of litigation while the appeal is pending.

Courts, therefore, also "routinely stay proceedings for the pendency of appeal" in the "context of qualified immunity." *Fox v. Cty. Of Saginaw*, 19-CV-11887, 2021 U.S. Dist. LEXIS 43680, at *14-15 (E.D. Mich. Mar. 9, 2021); *see Glover*, 438 F. Supp. 3d at 643-45 (district court lacks jurisdiction over case while appeal is pending); *id.* at 644 n.13 (collecting case "supporting the rationale that a court should not continue to trial while an interlocutory appeal on qualified immunity is pending"); *Adams v. Naphcare, Inc.*, 16cv229, 2017 U.S. Dist. LEXIS 232690, at *4 (E.D. Va. May 5, 2017); *Occupy Columbia v. Haley*, 3:11-cv-03253, 2013 U.S. Dist. LEXIS 204262, at *4 (D.S.C. Mar. 18, 2013) (granting motion to stay during collateral order appeal of denial of qualified immunity); *McFayden v. Duke Univ.*, 07CV953, 2011 U.S. Dist. LEXIS 156403, at *6-11 (M.D.N.C. Jun. 9, 2011) (staying discovery pending resolution of collateral order appeal of qualified immunity because "a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Hensley v. Suttles*, 14-cv-193, 2016 U.S. Dist. LEXIS 42370, at *3 (W.D.N.C. Mar. 30, 2016) (staying case pending appeal of denial of qualified immunity in "the interest of judicial economy").

A stay pending a collateral order appeal related to sovereign, Eleventh Amendment, or qualified immunity should only be denied when the appeal is frivolous. *See Indus. Servs.*, 2022 U.S. Dist. LEXIS 109161 at *5. "In order for an interlocutory appeal to be deemed frivolous, it must be both meritless and substantively inappropriate." *Eckert Int'l v. Gov't of the Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993). And "this court's previous rejection of Defendant's assertion of sovereign immunity does not [ ] render Defendant's appeal per se frivolous." *Indus. Servs.*, 2022 U.S. Dist. LEXIS 109161 at *6. While this Court has disagreed with Defendants' arguments, Defendants have both a substantial and potentially meritorious

4

argument that Defendants are immune from the claims made in this case.  Mason and Professor Dimitriadis's arguments are based on Supreme Court and Fourth Circuit law that (1) state agencies and their employees sued in their official capacity enjoy immunity from suit under 42 U.S.C. § 1983 and state law claims, (2) that the *Ex Parte Young* exception for prospective injunctive relief does not apply here as Ms. Amison's claims relate to past actions, and (3) university officials have qualified immunity from due process claims by student regarding disciplinary proceedings because of the absence of clearly established law regarding a protected interest in continuing enrollment in higher education.  *See P.R. Aqueduct*, 506 U.S. at 146 (explaining that the *Ex Parte Young* doctrine does not apply to claims against States and state entities); *see also Edelman v. Jordan*, 415 U.S. 651, 661 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) (state and state entities cannot be sued under § 1983); *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999) (The prospective injunction exception "does not apply when the alleged violation of federal law occurred entirely in the past."); *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (requiring for injunctive relief a showing of a "real or immediate threat that the plaintiff will be wronged again"); *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 238-40 (4th Cir. 2021) (due process claim against university official related to disciplinary proceeding could be "quickly disposed of on the basis of qualified immunity").[1]

---

[1] Some courts outside of the Eastern District of Virginia consider four factors in deciding whether to stay a case pending appeal of qualified immunity: "(1) whether the stay applicant has made a strong showing of a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Campbell v. Simms*, TDC-20-2590, 2021 U.S. Dist. LEXIS 182724, at *3 (D. Md. Sept. 23, 2021).  "It is not necessary that all four factors weigh in favor of a stay; rather the court may balance the factors to determine whether a stay is warranted." *Id.*  To the extent that the Court decides to weigh these factors, all weigh in favor of a stay for the reasons discussed above.  *First*, Defendants have made a showing

For the reasons stated above, and given that Plaintiff has consented to this motion, Defendants respectfully requests that the Court stay this litigation pending the resolution of the collateral order appeal.

April 6, 2023                                RESPECTFULLY SUBMITTED,

                                             _____/s/_____
                                             Eli S. Schlam, Asst. Atty. Gen.
                                             Virginia Bar Number 92987
                                             George Mason University
                                             4400 University Drive,
                                             MS 2A3
                                             Fairfax, VA 22030
                                             Phone: (703) 993-2619
                                             Fax: (703) 993-2340
                                             eschlam@gmu.edu

                                             *Attorney for Defendants*

---

that they have a likelihood of success on the merits given the established Supreme Court and Fourth Circuit law cited. *See id.* at *10 (finding basis for stay where defendant "presented a non-frivolous, colorable argument for appeal that raises a serious question of law"). *Second* Defendants would be irreparably injured by losing the protection from the "burdens of litigation that qualified immunity is meant to secure." *Id.* at *11-12 (where defendant has made non-frivolous argument that law was not clearly established, "concerns about an erroneous deprivation of qualified immunity are at their zenith"). *Third*, there is no harm to Plaintiff from staying this case. She is not currently a student at Mason and has agreed with this motion to stay. *Fourth*, "there is a strong public interest in protecting public officials from the costs associated with the defense of damage actions." *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998). It is therefore unsurprising that courts that use this four-factor analysis also routinely stay cases pending collateral order appeals. *See Campbell*, 2021 U.S. Dist. LEXIS 182724, at *15-16; *Krell v, Queen Anne's County*, JKB-18-0637, 2020 U.S. Dist. LEXIS 13921, at *8-9 (D. Md. Jan. 27, 2020).

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

_____/s/_____
Eli Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987George Mason University 4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu